J-S06025-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| RONALD BUTLER BURTON | |
| Appellant | No. 457 MDA 2015 |

Appeal from the PCRA Order February 10, 2015
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0005456-2009

BEFORE:  PANELLA, J., MUNDY, J., and STEVENS, P.J.E.*

MEMORANDUM BY MUNDY, J.:                    **FILED MARCH 10, 2016**

Appellant, Ronald Butler Burton, appeals from the February 10, 2015 order, granting in part and denying in part his first petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm in part, vacate in part, and quash in part.

We summarize the procedural history of this case as follows.  On January 19, 2010, the Commonwealth charged Appellant with one count each of criminal homicide, criminal conspiracy, unlawful possession of a firearm, carrying a firearm without a license, recklessly endangering another person (REAP), and possession with the intent to deliver a controlled

_____

*Former Justice specially assigned to the Superior Court.

substance (PWID).[1]  On January 27, 2011, a jury convicted Appellant of the aforementioned offenses, and the trial court imposed an aggregate judgment of sentence of life imprisonment.[2]

Appellant appealed, and on January 20, 2012, this Court vacated Appellant's judgment of sentence and remanded for a new trial on the homicide charge and for resentencing on the remaining charges. *Commonwealth v. Burton*, 43 A.3d 524 (Pa. Super. 2012) (unpublished memorandum), *appeal denied*, 48 A.3d 1246 (Pa. 2012).  On July 16, 2012, our Supreme Court denied Appellant's petition for allowance of appeal.[3]  *Id.*

Thereafter, on October 2, 2012, the trial court held a resentencing hearing, and imposed an aggregate judgment of sentence of 22½ to 50

---

[1] 18 Pa.C.S.A. §§ 2501, 903(a)(1), 6105(a)(1), 6106(a)(1), 2705, and 35 P.S. § 780-113(a)(30), respectively.

[2] Specifically, the trial court sentenced Appellant to life imprisonment on the criminal homicide conviction, with a concurrent five to ten years' imprisonment on each charge of criminal conspiracy and PWID, and a concurrent one to two years' imprisonment for each count of unlawful possession of a firearm, carrying a firearm without a license, and REAP.

[3] While Appellant's petition for allowance of appeal was pending with our Supreme Court, the trial court regained physical possession of the record. The Commonwealth withdrew the criminal homicide charge, and on March 30, 2012, the trial court resentenced Appellant on the remaining charges. However, on July 13, 2012, the trial court vacated the resentencing as a legal nullity due to the pending petition for allowance of appeal.

years' imprisonment, followed by 5 years' probation.[4]  Appellant did not file a post-sentence motion.  Appellant appealed to this Court, challenging the discretionary aspects of his sentence.  On July 26, 2013, we issued a memorandum affirming the judgment of sentence, concluding that Appellant waived his claims by failing to raise them during sentencing or in a post-sentence motion.  *Commonwealth v. Burton*, 82 A.3d 1080 (Pa. Super. 2013) (unpublished memorandum at 5-6).  Appellant did not file a petition for allowance of appeal with our Supreme Court.

On March 27, 2014, Appellant timely filed a first PCRA petition through appointed counsel.  On July 23, 2014, Appellant retained an attorney for the PCRA proceedings.  After obtaining several extensions of time, on December 5, 2014, retained counsel filed an amended PCRA petition.[5]

On February 10, 2015, the PCRA court entered an order granting partial PCRA relief, in the form of reinstating Appellant's post-sentence rights

---

[4] Specifically, the trial court imposed a sentence of 17½ to 40 years' imprisonment on the criminal conspiracy conviction, a consecutive 5 to 10 years' imprisonment for unlawful possession of a firearm, a concurrent 3½ to 7 years' imprisonment on the carrying a firearm without a license count, and a concurrent 2½ to 5 years' imprisonment, with a consecutive period of 5 years' probation, for PWID.  No further penalty was imposed on REAP.

[5] On that same day, Appellant also filed a petition for *in forma pauperis* (IFP) status, a petition for PCRA investigator funds, and an application to stay PCRA proceedings.  On December 29, 2014, the PCRA court granted Appellant IFP status.  Thereafter, on February 10, 2015, the PCRA court denied Appellant's petition for PCRA investigator funds.  The PCRA court did not expressly rule on the application to stay, but disposed of the merits of the PCRA petition on February 10, 2015.

*nunc pro tunc*, limited to the discretionary aspects of his sentence, and directed Appellant to file a post-sentence motion *nunc pro tunc* within 30 days. The PCRA court also dismissed, without an evidentiary hearing, Appellant's remaining request for PCRA relief on its merits, rejecting the merits of his claims of newly available exculpatory evidence.[6] On March 10, 2015, Appellant filed a notice of appeal, and retained counsel filed a petition to withdraw his representation.[7] On May 19, 2015, the PCRA court

_____

[6] While moot in light of our disposition, we note that the PCRA court did not comply with Pennsylvania Rule of Criminal Procedure 907, which provides that the PCRA court must provide notice of its intent to dismiss a PCRA petition without an evidentiary hearing at least 20 days before doing so. **See Commonwealth v. Guthrie**, 749 A.2d 502, 503 (Pa. Super. 2000) (noting that a PCRA court's compliance with Rule 1507, which has been renumbered as Rule 907, is mandatory); **Commonwealth v. Feighery**, 661 A.2d 437, 439 (Pa. Super. 1995) (vacating order dismissing PCRA petition without a hearing because PCRA court did not provide notice of its intent to dismiss under Rule 1507).

[7] Appellant filed a timely post-sentence motion *nunc pro tunc* on March 10, 2015. Generally, a post-sentence motion must be filed within ten days of the trial court imposing a sentence. Pa.R.Crim.P. 720(A)(1). In this case, however, the PCRA court expressly granted Appellant permission to file his post-sentence motion *nunc pro tunc* within 30 days of its February 10, 2015 order. **See Commonwealth v. Dreves**, 839 A.2d 1122, 1128-1129 (Pa. Super. 2003) (explaining "when the trial court [expressly] grants a request to file a post-sentence motion *nunc pro tunc*, the post-sentence motion filed as a result must be treated as though it were filed within the 10-day period following the imposition of sentence[]"). Appellant complied, filing the March 10, 2015 post-sentence motion *nunc pro tunc* within 30 days of the February 9, 2015 order authorizing the same.

permitted retained counsel to withdraw. Thereafter, on May 27, 2015, the

PCRA court appointed appellate counsel.[8]

On appeal, Appellant presents the following issues for our review.

1. Whether the PCRA court erred in not granting further extensions for completion of the Appellant's PCRA petition?

2. Whether the PCRA court erred in not granting a stay pending a motion for investigative funds?

3. Whether the PCRA court erred in not granting a hearing on the motion for investigative funds?

4. Whether the PCRA court erred in dismissing part of the Appellant's PCRA petition and not providing a notice of intent to dismiss?

5. Whether the PCRA court erred in not granting an evidentiary hearing before dismissing the PCRA petition?

6. Whether the PCRA Court erred in finding the proposed testimony cumulative?

7. Whether the trial court abused its discretion when it imposed an excessive sentence on [] Appellant?

_____

[8]  Appellant and the PCRA court have complied with Pennsylvania Rule of Appellate Procedure 1925. Moreover, the order granting in part and denying in part Appellant's PCRA petition was a final order under Pennsylvania Rule of Criminal Procedure 910. **See Commonwealth v. Gaines**, 127 A.3d 15, 17 (Pa. Super. 2015) (*en banc*) (plurality) (explaining that an order granting in part and denying in part all issues raised in a PCRA petition is a final order). The order restored Appellant's post-sentence rights, thereby terminating the post-conviction collateral proceedings and reinstating direct appeal proceedings. **See id.** Further, we note that the Commonwealth did not file a cross-appeal from the partial grant of PCRA relief.

8. Whether the trial court abused its discretion in not utilizing a pre-sentence investigation (PSI) pursuant to Pa.R.Crim.P. 702?

9. Whether the trial court failed to give consideration to all relevant facts when sentencing the Appellant?

Appellant's Brief at 4-5.

We begin by noting our well-settled standard of review. "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014) (internal quotation marks and citation omitted). "The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014) (citation omitted). "It is well-settled that a PCRA court's credibility determinations are binding upon an appellate court so long as they are supported by the record." *Commonwealth v. Robinson*, 82 A.3d 998, 1013 (Pa. 2013) (citation omitted). However, this Court reviews the PCRA court's legal conclusions *de novo*. *Commonwealth v. Rigg*, 84 A.3d 1080, 1084 (Pa. Super. 2014) (citation omitted).

Appellant's first six issues assert that the PCRA court erred in various ways in partially dismissing his PCRA petition. Before we may address the merits of his claims, we must determine whether the PCRA court had jurisdiction to dismiss the PCRA petition after reinstating Appellant's post-

sentence rights *nunc pro tunc*. We *sua sponte* consider this issue because it implicates our jurisdiction. ***Commonwealth v. Harris***, 114 A.3d 1, 6 (Pa. Super. 2015).

"[O]nce a PCRA court determines that a petitioner's right to direct appeal has been violated, the PCRA court is precluded from reaching the merits of other issues raised in the petition." ***Commonwealth v. Pate***, 617 A.2d 754, 757 (Pa. Super. 1992) (citations omitted), *appeal denied*, 634 A.2d 219 (Pa. 1993). This is because "[o]nce the PCRA court granted [petitioner] the right to seek further review *nunc pro tunc*, [petitioner's] sentence was no longer final and the PCRA court lacked jurisdiction to rule on [petitioner's] other requests for relief." ***Harris***, ***supra***. Therefore, in this case, after the PCRA court determined Appellant was entitled to the reinstatement of his direct appeal rights, it lacked jurisdiction to dispose of Appellant's remaining PCRA claims because his judgment of sentence was no longer final. Until Appellant's sentence becomes final for the purposes of the PCRA, the PCRA court does not have jurisdiction to address his remaining PCRA claims. ***See id.*** Accordingly, we vacate the order in as much as it dismissed Appellant's PCRA claims on the merits. ***See id.***

Appellant's final three issues address the merits of the discretionary aspects of sentencing challenges he sought to raise on direct appeal. We likewise do not have jurisdiction to address these issues. As we have just explained, once the PCRA court restores post-sentence rights *nunc pro tunc*,

it lacks the jurisdiction to address the merits of the issues that Appellant seeks to present. **See Pate**, **supra**. The restoration of direct appeal rights *nunc pro tunc* is independent of the merit of the claims petitioner seeks to raise on direct appeal. **Id.** Therefore, the collateral relief proceedings concluded when the PCRA court restored Appellant's direct appeal rights, and the PCRA court did not have jurisdiction to take any further action. **See id.**

Moreover, there is no final order disposing of Appellant's post-sentence motion. The February 10, 2015 order restored Appellant's post-sentence rights, for the limited purpose of challenging the discretionary aspects of his sentence on direct appeal. In his notice of appeal, Appellant states that he is appealing from the February 10, 2015 order partially denying his PCRA petition. The February 10, 2015 order did not resolve the merits of Appellant's post-sentence discretionary aspects claims, and they are still pending before the trial court. The trial court has not issued an order denying the post-motions. Neither has the Dauphin County Clerk of Courts entered an order denying them by operation of law. Therefore, there is no final order over which we may exercise jurisdiction. **See Commonwealth v. Borrero**, 692 A.2d 158, 160 (Pa. Super. 1997) (explaining that the judgment of sentence does not become final until the entry of an order disposing of post-sentence motions, even if the 120-day period for deciding

- 8 -

post-sentence motions expires).[9]  Moreover, Appellant's notice of appeal does not purport to appeal from the denial of his post-sentence motions. Therefore, we lack jurisdiction to review the merits of Appellant's post-sentence claims.  **See id.**

Accordingly, we affirm the PCRA court's February 10, 2015 order in as much as it restored Appellant's direct appeal rights *nunc pro tunc*.  However, we vacate the remainder of the PCRA court's order because the PCRA court lacked jurisdiction to address the merits of the remaining PCRA claims after it reinstated Appellant's direct appeal rights.  **See Harris**, **supra**.  We also quash the appeal to the extent it purports to challenge the disposition of Appellant's post-sentence motions, as the post-sentence motions are still pending in the trial court.[10]  **See Borrero**, **supra**.

Order affirmed in part and vacated in part.  Appeal quashed in part.

_____

[9] We acknowledge that the August 25, 2015 PCRA court memorandum states that the post-sentence motions were denied by operation of law on July 8, 2015.  **See** Pa.R.Crim.P. 720(B)(3)(a).  However, no final order has been entered, and appellate review of the post-sentence motions is premature. **See Borrero**, **supra**.

[10] Our decision is without prejudice to Appellant's ability to pursue a direct appeal from the order disposing his post-sentence motions or to re-raise the after-discovered evidence claim in a PCRA petition after his judgment of sentence becomes final.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/10/2016