J-S93012-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| ANTHONY S. WILLIAMS, | |
| Appellant | No. 411 EDA 2016 |

Appeal from the PCRA Order January 19, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0007651-2009
CP-51-CR-0012877-2009

BEFORE:  DUBOW, SOLANO, and PLATT,[*] JJ.

MEMORANDUM BY DUBOW, J.                **FILED FEBRUARY 14, 2017**

Anthony S. Williams appeals *pro se* from the denial of his Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.[1]  He asserts that trial, appellate, and post-conviction counsel provided ineffective assistance, and avers that the PCRA court should have held a hearing on his Petition.  We affirm.

On March 1, 2011, a jury found Appellant guilty of Third-Degree Murder and Possession of an Instrument of Crime ("PIC") in connection with the November 5, 2008 shooting death of Bruce Hollman.  The trial court

_____

[*] Retired Senior Judge Assigned to the Superior Court.

[1] On August 5, 2016, this Court quashed Appellant's appeal of CP-51-CR-0012877-2009.  This appeal, thus, pertains only to the case docketed at CP-51-CR-0007651-2009.

- 1 -

sentenced him on May 6, 2011, to 18 to 36 years' incarceration for the Murder conviction and a consecutive term of 2½ to 5 years for the PIC conviction. This Court affirmed the Judgment of Sentence and our Supreme Court denied allowance of appeal on November 13, 2013. *Commonwealth v. Williams*, No. 1308 EDA 2011 (Pa. Super. filed April 16, 2013), *appeal denied*, 75 A.3d 554 (Pa. 2013).

On June 4, 2014, Appellant timely filed a *pro se* PCRA Petition, followed by a "supplemental" Petition on October 29, 2014. Appointed counsel entered his appearance on December 18, 2014. On February 12, 2015, Appellant filed a second supplemental *pro se* PCRA Petition. On June 29, 2015, counsel filed a *Turner*/*Finley* letter and a Motion to Withdraw as Counsel. On August 26, 2015, the PCRA court issued a Pa.R.Crim.P. 907 Notice. Petitioner filed a *pro se* response to the Notice and to counsel's *Turner*/*Finley* letter. On January 19, 2016, the court dismissed Appellant's PCRA Petition and permitted counsel to withdraw.

Appellant timely appealed *pro se*. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following three issues in his Brief:

1. Whether trial counsel failed to render constitutionally effective assistance infecting the entire trial so that the resulting convictions was violative of Appell[ant's] right to effective assistance of counsel, fair tr[ia]l, and due process of law under both the state and federal constitutions?

2. Whether post[-]conviction counsel's pretext tendered defense and perfunctory performance summarized in the

following derelictions of duty and breach of professional responsibility to the lawyer/client relation rendered his representation below ineffective assistance of counsel, forfeiting and depriving Appellant of his right to a constitutional and meaningful first[-]tier collateral review under the Post[-]Conviction Relief Act?

3. Whether the PCRA Court erred in denying Appellant post[-]conviction relief without holding an evidentiary hearing on Appellant's post[-]conviction record[-]based claims of PCRA counsel's and all prior counselor's ineffectiveness?

Appellant's Brief at 4.

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014). This Court grants great deference to the findings of the PCRA court if they are supported by the record. *Commonwealth v. Boyd*, 923 A.2d 513, 515 (Pa. Super. 2007). We give no such deference, however, to the court's legal conclusions. *Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012).

In the discussion of his first two issues, Appellant avers that he received ineffective assistance of trial, appellate, and PCRA counsel. The law presumes counsel has rendered effective assistance. *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa. Super. 2010). The burden of demonstrating ineffectiveness rests on Appellant. *Id*. To satisfy this burden, Appellant must plead and prove by a preponderance of the evidence that: "(1) his underlying claim is of arguable merit; (2) the particular course

- 3 -

of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceeding would have been different." *Commonwealth v. Fulton*, 830 A.2d 567, 572 (Pa. 2003). Failure to satisfy any prong of the test will result in rejection of the appellant's ineffective assistance of counsel claim. *Commonwealth v. Jones*, 811 A.2d 994, 1002 (Pa. 2002).

With respect to layered ineffectiveness claims, the Pennsylvania Supreme Court has provided the following guidance:

> [I]n order for a petitioner to properly raise and prevail on a layered ineffectiveness claim, sufficient to warrant relief if meritorious, he must **plead, present,** and **prove** the ineffectiveness of Counsel 2 (appellate counsel), which as we have seen, necessarily reaches back to the actions of Counsel 1 (trial counsel). To preserve (plead and present) a claim that Counsel 2 was ineffective in our hypothetical situation, the petitioner must: (1) **plead,** in his PCRA petition, that Counsel 2 was ineffective for failing to allege that Counsel 1 was ineffective for not [taking the suggested actions], *see Commonwealth v. Marrero,* 748 A.2d 202, 203, n. 1 (2000); and (2) **present** argument on, *i.e.*, develop, each prong of the *Pierce* test as to Counsel 2's representation, in his briefs or other court memoranda.

*Commonwealth v. McGill*, 832 A.2d 1014, 1022 (Pa. 2003).

In his first issue, Appellant challenges the effectiveness of trial counsel, averring counsel (1) offered "erroneous and clearly unreasonable" advice when he recommended that Appellant not testify on his own behalf because of a prior juvenile adjudication; (2) failed to interview, investigate, and call character witnesses; and (3) failed to object to the trial court's

- 4 -

"supplemental instruction" that evidenced "judicial coercion." Appellant's Brief at 9, 18.[2]

In addressing each of the issues raised in Appellant's claim of trial counsel ineffectiveness, the Honorable Rose Marie DeFino-Nastasi, sitting as both the trial court and the PCRA court, has authored a comprehensive, thorough, and well-reasoned Opinion, citing to the record and relevant case law. First, the court found that Appellant's challenge to trial counsel's advice was waived because he raised it for the first time in his response to the Rule 907 notice and did not seek leave to amend his Petition as required by Pa.R.Crim.P. 905, and ***Commonwealth v. Baumhammers***, 92 A.3d 708, 730 (Pa. 2014). ***See*** PCRA Court Opinion, dated 4/20/16, at 4-5.[3]

Next, the court concluded that Appellant knowingly, intelligently, and voluntarily decided not to call any character witnesses. ***See*** Opinion at 5-8 (quoting colloquy with trial court, N.T., 2/28/11, at 6-7). The court further noted that none of Appellant's now-proposed witnesses could have provided

_____

[2] Appellant raised three other claims of trial counsel's ineffectiveness in his Pa.R.A.P. 1925(b) Statement but abandoned them because he did not raise or address them in his Brief. Accordingly, those issues are waived. Pa.R.A.P. 2116(a).

[3] ***See also Commonwealth v. Rykard***, 55 A.3d 1177, 1189 (Pa. Super. 2012) (observing "[t]he purpose behind a Rule 907 pre-dismissal notice is to allow a petitioner an opportunity to seek leave to amend his petition and correct any material defects").

admissible evidence with respect to Petitioner's character and that counsel had a reasonable basis for his strategic decision not to call character witnesses. *See* Opinion at 9-10 (citing N.T., 2/23/11 at 106, N.T., 2/24/11, at 70-84). In addition, the court concluded that Appellant could not show prejudice in light of the "substantial eyewitness evidence connecting [Appellant] to the decedent's murder." Opinion at 11.

The court last concluded that the trial court properly exercised its discretion when, after a five-day trial and two hours of deliberation, the court stated to the jury, in response to a question about hung juries, that two hours was not enough time to conclude there was a hung jury on part of the charges. *See* Opinion at 12-13 (citing *Commonwealth v. Marion*, 981 A.2d 230, 235 (Pa. Super. 2009); *Commonwealth v. Greer*, 951 A.2d 346, 354 (Pa. 2008) (noting trial court's decision to direct jury to deliberate further will not be disturbed on appeal unless there is a showing that the court abused its discretion or that the jury's verdict was the product of coercion or fatigue)). Accordingly, trial counsel was not ineffective for failing to object to the court's statement.

Our review of the record supports the PCRA court's findings and its Order is otherwise free of legal error. We affirm on the basis of the PCRA court's April 20, 2016 Opinion. *See* PCRA Court Opinion, 4/20/16, at 4–13

Appellant next avers that appellate counsel was ineffective for not raising trial counsel's ineffectiveness, and PCRA counsel was ineffective for

failing to "critique, amend, or supplement Appellant's *pro se* Petition for post-conviction relief." Appellant's Brief at 28. He asserts that if PCRA counsel had expanded on Appellant's asserted claims of prior counsels' ineffectiveness, the PCRA court "would not have erroneously dismissed Appellant's petition without holding an evidentiary hearing, *i.e.*, the proceeding would have been different." Appellant's Brief at 28. This issue is without merit.

As noted above, Appellant failed to prove that the underlying claims of trial counsel's ineffectiveness had merit. Accordingly, Appellant's challenge to prior counsels' and PCRA counsel's effectiveness likewise fails to satisfy the merit prong of the ineffectiveness test. **See Jones**, **supra**. Appellant is, thus, entitled to no relief on these issues.

Appellant last avers that the PCRA court should have held an evidentiary hearing and that it erred in the "wholesale adoption of PCRA counsel's 'no merit' letter without stating the reasons for dismissal in its Order followed by its 907 Notice." Appellant's Brief at 33 (relying on **Commonwealth v. Williams**, 732 A.2d 1167, 1176 (Pa. 1999)) ("**Williams II**").

There is no right to a PCRA hearing; a hearing is unnecessary where the PCRA court can determine from the record that there are no genuine issues of material fact. **Commonwealth v. Jones**, 942 A.2d 903, 906 (Pa. Super. 2008). "[A]s to ineffectiveness claims in particular, if the record

reflects that the underlying issue is of no arguable merit or no prejudice resulted, no evidentiary hearing is required.  For each such claim, we review the PCRA court's action for an abuse of discretion[.]"  ***Commonwealth v. Baumhammers***, 92 A.3d 708, 726–27 (Pa. 2014) (citations omitted).

Rule 907 provides, in relevant part, the following:

Except as provided in Rule 909 death penalty cases,

(1)   The judge shall promptly review the petition, any answer by the attorney for the Commonwealth, and other matters of record relating to the defendant's claim(s).  *If the judge is satisfied from this review that there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings, the judge shall give notice to the parties of the intention to dismiss the petition and shall state in the notice the reasons for the dismissal.*  The defendant may respond to the proposed dismissal within 20 days of the date of the notice.  The judge thereafter shall order the petition dismissed, grant leave to file an amended petition, or direct that the proceedings continue.

* * * *

Pa.R.Crim.P. 907(1) (emphasis added).

In the present case, the PCRA court filed its Rule 907 Notice, informing Appellant that it had reviewed counsel's "no merit" letter, as well as the record.  The Rule 907 Notice provided as follows:

You are hereby advised that on October 5, 2015, your request for post-conviction relief will be dismissed without further proceedings.  No response to this Notice is required.  If, however, you choose to respond, your response is due within twenty (20) calendar days from the date of this Notice.  The reason for dismissal is as follows:

> Your attorney has determined that the issues raised in your *pro se* petition are without merit. ***See*** [C]ounsel's letter pursuant to **Commonwealth v. Finley**, 379 Pa. Super. 390, 550 A.2d 213 (1988). The Court, after review of the record, accepts the **Finley** letter and finds that the PCRA petition is without merit.

Notice, filed 8/26/15.

In **Williams II**, **supra**, the Supreme Court held that it would not condone the "wholesale adoption . . . of an advocate's brief" in a PCRA review of a death penalty case, particularly where it was alleged that the advocate (in this case, the Commonwealth) had "withheld material discovery at trial, suborned false testimony from an eyewitness, and engaged in a pattern of racial discrimination in the process of jury selection." **Id**. The Court opined that "[r]egardless of the validity of such allegations, the independent role of the judiciary cannot properly be served in this case absent some autonomous judicial expression of the reasons for dismissal." **Id**.

In **Commonwealth v. Feighery**, 661 A.2d 437, 439 (Pa. Super. 1995), we held that PCRA counsel's filing of a **Turner**/**Finley** letter was not adequate to satisfy the court's Rule 907's notice requirement. We first recognized that the Rule 907 Notice is mandatory, as is the Rule's directive that such notice provide the rationale for the dismissal. **Feighery**, 661 A.2d at 439. We rejected the Commonwealth's argument that counsel's no merit letter sent to the appellant provided "sufficient notice to meet the requirement" because we could "only engage in a presumption that [the]

appellant has received a copy of this letter which is addressed to the court, and also the letter makes no mention of the potential for dismissal without hearing when there is no further action by appellant." *Id*.

The instant case is distinguishable from *Feighery*. Although the PCRA court's Rule 907 was not expansive in its explanation, unlike in *Feighery*, there is no indication that the court relied exclusively on the *Turner*/*Finley* letter to satisfy the notice requirement. The court indicated that it had reviewed the record independently before concluding Appellant failed to raise meritorious issues. Contrary to Appellant's characterization, there is no indication that the court merely "adopted wholesale" counsel's no-merit letter.

Moreover, as demonstrated by Appellant's detailed response to the 907 Notice, we can ascertain from the record that Appellant had been adequately informed of the reasons underlying the court's intent to dismiss. His detailed response to both the Rule 907 Notice and the *Turner-Finley* letter demonstrates that Appellant was not prejudiced by any purported defects in the PCRA court's Rule 907 Notice. Accordingly, Appellant's challenge to the Rule 907 Notice merits no relief.

We have conducted an independent review of the record and conclude that the PCRA court did not abuse its discretion in dismissing Appellant's PCRA Petition without a hearing. Accordingly, we affirm.

Order affirmed.

- 10 -

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/14/2017