J-S52001-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TIRELL WILLIAMS, | |
| Appellant | No. 431 MDA 2018 |

Appeal from the PCRA Order Entered November 8, 2017
In the Court of Common Pleas of Lycoming County
Criminal Division at No(s): CP-41-CR-0002010-2012

BEFORE:  BENDER, P.J.E., MCLAUGHLIN, J., and STRASSBURGER, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                **FILED OCTOBER 16, 2018**

Appellant, Tirell Williams, appeals from the post-conviction court's November 8, 2017 order denying his timely-filed petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  After careful review, we vacate that order and remand for further proceedings.

The facts underlying Appellant's convictions are not pertinent to his present appeal.  The PCRA court summarized the procedural history of Appellant's case, as follows:

On October 24, 2013, [Appellant] … was found guilty by a jury of two counts of Robbery[1], a felony of the first degree and a felony of the second degree[2]; one count of Theft by Unlawful Taking[3], a misdemeanor of the first degree; and one count of Simple Assault[4], a misdemeanor of the second degree[.] [Appellant] was found [n]ot [g]uilty of Criminal Conspiracy to Commit Robbery[5], a felony of the first degree.  [Appellant] was

---

[*] Retired Senior Judge assigned to the Superior Court.

initially represented by Nicole Ippolito, Esquire[,] at the preliminary hearing and [in litigating] pretrial motions[.] Julian Allatt, Esquire[, represented Appellant] at trial and on post[-]sentence motions, and … Jeffrey Frankenburger, Esquire, [represented Appellant] on his direct appeal.

[1] 18 Pa.C.S. § 3701(a)(1)(ii) (Robbery-threatens [serious bodily injury]). Count 1[.]

[2] 18 Pa.C.S. § 3701(a)(1)(iv) (Robbery-inflicts/threatens [bodily injury]). Count 3.

[3] 18 Pa.C.S. § 3921(a). … Count 4.

[4] 18 Pa.C.S. § 2701(a)(1). Count 5.

[5] 18 Pa.C.S. § 903(a)(1). Count 2.

[Appellant] was sentenced by the [c]ourt on the charge of Robbery, felony of the first degree[,] to a split sentence. He was to undergo incarceration in a state correctional institution for an indeterminate period of time, the minimum of which shall be six (6) years, and the maximum of which shall be twelve (12) years, with consecutive eight years['] probation under the supervision of the Pennsylvania Board of Probation and Parole. Order of Sentence, 3/27/2017. [Appellant] filed Post Sentence Motions that were denied by this [c]ourt. [Appellant] appealed the Judgment of Sentence to the Superior Court of Pennsylvania. The Superior Court upheld the decision of this [c]ourt in an unpublished memorandum filed March 20, 2015. [**Commonwealth v. Williams**, 120 A.3d 1060 (Pa. Super. 2015) (unpublished memorandum).] No appeal was taken to the Supreme Court and thus[,] [Appellant's] Judgment of Sentence became final on April 20, 2015. [Appellant] had one year from that date to file a PCRA petition.

On April 15, 2016, [Appellant] filed a timely[,] *pro se* PCRA petition. Donald Martino, Esquire[,] was originally appointed to represent [Appellant]. On April 22, 2016, Jerry Lynch, Esquire[,] was appointed to represent [Appellant] for the PCRA petition. Attorney Lynch proceeded to request four continuances of [Appellant's] initial[ly] scheduled PCRA conference, all of which were granted by the [c]ourt with no objection by the Commonwealth.

In an Order filed December 30, 2016, [Appellant's] PCRA petition was reassigned to Ryan C. Gardner, Esquire, as Attorney Lynch would no longer be serving in the role as conflict counsel

for the court. After a court conference on January 30, 2017, Attorney Gardner was ordered to file an Amended Petition or a **Turner[/]Finley**[1] letter within 30 days. Attorney Gardner filed a "First Amended Petition for Post Conviction Relief Pursuant to 42 Pa.C.S.[] § 9501 *et. seq.*" on March 1, 2017. A court conference on the amended petition was scheduled for July 24, 2017. On that date, Attorney Gardner filed a Petition to Withdraw from Representation of PCRA and a Memorandum Pursuant to **Turner/Finley**.

PCRA Court Order and Opinion (PCO), 10/6/17, at 1-3.

On October 6, 2017, the PCRA court issued an order and opinion in which it agreed with Attorney Gardner that the issues Appellant raised on collateral review were meritless. Accordingly, the court granted counsel's petition to withdraw. *Id.* at 11. The court also provided Pa.R.Crim.P. 907 notice to Appellant of its intent to dismiss his PCRA petition, and directed that he could file a response within 20 days. *Id.*

On November 6, 2017, Appellant filed a *pro se* document entitled, "Motion to Supplement Petitioner [*sic*] 'Insufficient Evidence to Prove Theft By Unlawful Taken [*sic*] and Robbery' Claim." On November 8, 2017, the PCRA court issued an order stating that it was treating Appellant's *pro se* filing as a response to its Rule 907 notice. PCRA Court Order, 11/8/17, at 1. The court stated that none of the issues raised in that document had merit. *Id.* It then denied Appellant's April 15, 2016 PCRA petition. *Id.*

On March 6, 2018, Appellant's *pro se* notice of appeal was docketed by the Clerk of Courts of Lycoming County. Due to the facial untimeliness of that

_____

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

appeal, this Court issued a *per curiam* order on June 13, 2018, directing Appellant to show cause why his appeal should not be dismissed. Appellant filed a response, stating that the trial court failed to docket his notice of appeal when it was first received. He attached a purported copy of his notice of appeal that was dated November 20, 2017. He also attached correspondence to the trial court, also dated November 20, 2017, in which he remarks that his notice of appeal was included with that letter. That correspondence is included in the certified record, but was not time-stamped or docketed.

Based on Appellant's response, our Court issued a *per curiam* order discharging the rule to show cause, and referring the issue of the timeliness of Appellant's appeal to this panel. In light of the documents indicating that Appellant mailed his notice of appeal on or before November 20, 2017, we will consider his appeal timely pursuant to the 'prisoner mailbox rule.' ***See Commonwealth v. Patterson***, 931 A.2d 710, 714 (Pa. Super. 2007) ("Pursuant to the prisoner mailbox rule, we deem a document filed on the day it is placed in the hands of prison authorities for mailing."). We also note that Appellant timely complied with the PCRA court's March 7, 2018 order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

Herein, Appellant presents three issues for our review:

1) Was Appellant denied his [Rule] 907(1) rights by the … PCRA court?

2) Did the PCRA court commit an error when counsel was granted withdrawal, without addressing all the issues Appellant wanted to be raised, in counsel's no-merit[] letter as required by ***Turner/Finley***?

- 4 -

3) Did the PCRA counsel and court commit an error as a matter of law, when they averred that Appellant's following issues did/do not have any merit?

a) Insufficient evidence to prove theft/robbery and counsel's failure to properly raise it on appeal.

b) Unlawful[ly] induced sentence by usage of juvenile record.

c) Counsel's failure to object and move for a[]new jury pool.

d) Trial counsel's failure to present evidence at trial.

e) Trial counsel's failure to question [the] Commonwealth's witnesses about possible leniency.

f) Conflict of interest/bias[] by trial judge.

g) **Brady**[2] violation.

Appellant's Brief at 5 (unnecessary capitalization omitted).

In Appellant's first two issues, he contends that he never received the PCRA court's Rule 907 notice, which also granted counsel's petition to withdraw. He additionally maintains that his PCRA counsel failed to address all of the issues he wished to raise on collateral review and, therefore, counsel's petition to withdraw was deficient under **Turner/Finley**.

The record supports Appellant's contention that he did not receive the court's Rule 907 notice. In particular, at the end of the court's order and opinion granting counsel's petition to withdraw and issuing notice to Appellant of its intent to dismiss his petition, there are four individuals carbon copied (including Attorney Gardner), but Appellant is not one of them. Additionally, there is no certificate of service in the certified record demonstrating that

---

[2] **Brady v. Maryland**, 373 U.S. 83 (1963).

Appellant received that Rule 907 notice, and there is also nothing on the docket that would indicate the notice was mailed to Appellant.

We also point out that the court's November 8, 2017 order dismissing Appellant's petition stated that, "[a] copy of this order shall be mailed to [Appellant] by certified mail return receipt requested[,]" and Appellant's name and address were included on the carbon copy list. Order, 11/8/17, at 2. After receiving the November 8, 2017 order, in which the court referred to the October 6, 2017 Rule 907 notice, Appellant sent the November 20, 2017 *pro se* correspondence to the court stating that he had not received the court's Rule 907 notice. This further demonstrates that the court's November 8, 2017 order was the first time Appellant became aware of the October 6, 2017 Rule 907 notice.

Based on this record, we accept Appellant's claim that he did not receive the court's Rule 907 notice.[3] The notice requirement of Rule 907 is mandatory. **See** Pa.R.Crim.P. 907(1) ("If the judge is satisfied from this review that there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no

---

[3] We point out that Appellant raised, in his Rule 1925(b) statement, the fact that he had not received the Rule 907 notice, yet the court offered no comment on this claim in its Rule 1925(a) opinion. Instead, it simply relied on the rationale set forth in its October 6, 2017 Order and Opinion to support its decision to deny Appellant's petition. **See** Order, 3/21/18, at 1. Therefore, we have no input from the PCRA court that would cast doubt on Appellant's claim that he did not receive the Rule 907 notice.

purpose would be served by any further proceedings, the judge **shall** give notice to the parties of the intention to dismiss the petition and shall state in the notice the reasons for dismissal.") (emphasis added); **Commonwealth v. Feighery**, 661 A.2d 437, 439 (Pa. Super. 1995) (stating that the notice requirement of Rule 907 is mandatory).

Here, Appellant was clearly a party to which the court was required to provide the Rule 907 notice, as the court had granted counsel's petition to withdraw in that same order. Additionally, it is apparent that Appellant desires to challenge the adequacy of PCRA counsel's **Turner/Finley** letter, and the effectiveness of counsel's representation as a whole. To preserve such claims for this Court's review, Appellant must raise them in response to "counsel's withdrawal letter and the notice of the PCRA court's intent to dismiss his petition pursuant to [Rule] 907[,]" so the PCRA court may rule on them in the first instance. **Commonwealth v. Pitts**, 981 A.2d 875, 880 n.4 (Pa. 2009).

Consequently, the PCRA court's failure to provide Appellant with a Rule 907 notice, and permit him to file a response, has clearly prejudiced Appellant. Therefore, we vacate the court's order denying Appellant's petition, and remand for further proceedings.[4] We direct the PCRA court to serve a new Rule 907 notice on Appellant, and permit him 20 days to respond, raising any challenges to PCRA counsel's **Turner/Finley** letter, claims of PCRA counsel's

---

[4] In light of this disposition, we do not address Appellant's remaining claims.

ineffectiveness, and/or arguments regarding the merits of his underlying issues.

Order vacated. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/16/2018