661 A.2d 437

COMMONWEALTH of Pennsylvania, Appellee

v.

Donald FEIGHERY, Appellant.

Superior Court of Pennsylvania.

Submitted May 1, 1995.

Filed June 27, 1995.

328

Donald Feighery, pro se, appellant.

Kathy L. Echternach, Asst. Dist. Atty., Philadelphia, for the Com., appellee.

Before CAVANAUGH, JOHNSON and HUDOCK, JJ.

CAVANAUGH, Judge:

We have for consideration a pro se appeal from an order of court of March 11, 1994 which denied P.C.R.A. relief to appellant, Donald Feighery. We recite the background of this case in order to provide historical perspective. Feighery and a co-defendant were tried non-jury before the late Honorable Charles L. Durham in September/October 1983 for a homicide of August 24, 1982. On appeal to this court, judgment of sentence was affirmed. *Commonwealth v. Feighery*, 354 Pa.Super. 1, 510 A.2d 1248 (1986). Allocatur petition to the supreme court was denied January 9, 1987. Appellant sought P.C.R.A. relief on March 1, 1993. Counsel was duly appointed and on January 1, 1994 filed an "amended Finley letter" which discussed all issues raised in appellant's pro se petition, found them to be meritless, and concluded that there were no other issues of arguable merit. Thus, he sought to withdraw. The court reviewed the record and counsel's letter and dismissed the P.C.R.A. petition without a hearing.

At the outset Feighery argues in his appeal 1) that he did not have notice of appointed counsel's intention to file a no-merit letter and that appointed counsel "failed to communicate" with him, and, 2) the P.C.R.A. court failed to provide a 10–day notification of its intent to dismiss his P.C.R.A. petition without hearing.

The course of events and the substance of appointed counsel's letter would allow us to reach the conclusion that counsel was, in fact, in communication with appellant and duly advised Feighery that there are no issues of arguable merit to raise on his behalf.

As to the required 10–day disposition without hearing notice however, we must find that the court has failed to comply with the mandatory requirement of Pa.R.Crim.P. 1507(a) and remand.

Rule of Criminal Procedure 1507. Disposition Without Hearing provides:

> The judge shall promptly review the motion, any answer by the attorney for the Commonwealth, and other matters of record relating to the defendant's claim(s). If the judge is satisfied from this review that there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings, *the judge shall give notice to the parties of the intention to dismiss the motion and shall state in the notice the reasons for the dismissal.* The defendant may respond to the proposed dismissal within 10 days of the date of the notice. The judge thereafter shall either order the motion dismissed, or grant leave to file an amended motion, or direct that the proceedings continue. (Emphasis supplied)

It is, of course, clear that the notice requirement of the intention to dismiss, is mandatory "(the judge *shall* (give notice and) *shall* state (the reasons)" (emphasis added). The Commonwealth argues that counsel's *Finley* letter to appellant is sufficient notice to meet the requirement of 1507(a). This contention must fail since, at best, we can only engage in

a presumption that appellant has received a copy of this letter which is addressed to the court, and also the letter makes no mention of the potential for dismissal without hearing when there is no further action by appellant. The Commonwealth also argues as precedent, *Commonwealth v. Bond*, 428 Pa.Super. 344, 630 A.2d 1281 (1993). We find *Bond* not to be controlling. In that case, our court applied a burden on the petitioner of showing prejudice. We concluded that by reason of "numerous" correspondence from counsel, the petitioner had received his full entitlement of judicial review and notice under 1507 was unnecessary. Here we have no evidence of correspondence with counsel and only a statement of counsel's intention to forward a copy of the "amended *Finley* letter", as against Feighery's assertion that there was *never* any consultation with counsel. The trial court, on the other hand, impliedly agrees that no 1507 notice was sent, since it specifically relies upon counsel's statement in his *Finley* letter as the evidence of compliance with 1507(a).

Under the circumstances, and compelled by the mandatory language of the controlling rule, we are obliged to remand this case for fulfillment of the notice requirements of Pa.R.Crim.P. 1507(a).

We are, of course, fully cognizant of the burdens which collateral relief litigation places on the trial courts and counsel. The assertion of a no-merit claim under the strictures imposed by *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1969) and *Commonwealth v. Finley*, 379 Pa.Super. 390, 550 A.2d 213 (1988) present a virtual minefield of procedural safeguards which present barriers to the uninitiated and obstacles even for the informed. Moreover, by reason of: a) the submission of a no-merit letter by counsel (usually appointed by the court—see Pa.R.Crim.P. 1504), and; b) the duty of the P.C.R.A. court to independently review the submission and the record to determine if there exists an issue for consideration, it would seem that the further requirement of a notice of intention to dismiss and reasons for the dismissal provides the P.C.R.A. petitioner with more procedural protection than reasonable due process should require. Thus, one

might fairly conclude that the notice requirement provided by Rule 1507 is both burdensome and unnecessary. If caution dictates that a P.C.R.A. petitioner be specifically advised of the potentiality that his motion may be summarily dismissed without a hearing based on a review of the record, such notice could easily be provided in the Motion for Collateral Relief form (DC 198)[1] which is used to initiate a collateral relief action and must be signed by the defendant/movant. See also Pa.R.Crim.P. 1502 *Content of Motions for Post–Conviction Collateral Relief* which could be amended to require inclusion of the notice requirement.

Nevertheless, since appellant argues that he was not provided with notice under Pa.R.Crim.P. 1507(a) and our review reveals that he is correct, we must vacate the order below and remand for further appropriate proceedings.

Order vacated. Remanded. Jurisdiction not retained.

---

1. This is the descriptive designation of the form used in this case.