J-S70010-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  : IN THE SUPERIOR COURT OF
                              :        PENNSYLVANIA
              Appellee        :
                              :
        v.                    :
                              :
RANYELL B. SEVERINO-MOTA      :
                              :
              Appellant       :        No. 742 MDA 2017

Appeal from the PCRA Order April 4, 2017
In the Court of Common Pleas of Berks County
Criminal Division at No(s):  CP-06-CR-0002957-2015

BEFORE:  GANTMAN, P.J., SHOGAN, J., and OTT, J.

JUDGMENT ORDER BY GANTMAN, P.J.:          **FILED NOVEMBER 14, 2017**

Appellant, Ranyell B. Severino-Mota, appeals from the order entered in the Berks County Court of Common Pleas, which dismissed his first petition filed under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546.  On December 2, 2015, a jury convicted Appellant of two counts of attempted murder, four counts of aggravated assault and simple assault, and one count each of possessing instruments of crime and recklessly endangering another person.  The court sentenced Appellant on December 14, 2015, to an aggregate term of 17½ to 40 years' imprisonment, plus five years' probation.  Appellant did not file a direct appeal.

On January 12, 2017, Appellant timey filed a counseled first PCRA petition.  Without issuing any notice per Pa.R.Crim.P. 907, the court summarily dismissed the petition on April 4, 2017.  Appellant timely filed a

notice of appeal on May 4, 2017. On May 8, 2017, the court ordered Appellant to file a Pa.R.A.P. 1925(b) statement; Appellant timely complied.

Preliminarily, Pennsylvania Rule of Criminal Procedure 907 provides, in relevant part:

> **Rule 907.  Disposition Without Hearing**
>
> Except as provided in Rule 909 for death penalty cases,
>
> (1)  the judge shall promptly review the petition, any answer by the attorney for the Commonwealth, and other matters of record relating to the defendant's claim(s).  If the judge is satisfied from this review that there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings, the judge shall give notice to the parties of the intention to dismiss the petition and shall state in the notice the reasons for the dismissal.  The defendant may respond to the proposed dismissal within 20 days of the date of the notice.  The judge thereafter shall order the petition dismissed, grant leave to file an amended petition, or direct that the proceedings continue.

Pa.R.Crim.P. 907(1).  Issuance of Rule 907 notice is mandatory. ***Commonwealth v. Guthrie***, 749 A.2d 502 (Pa.Super. 2000).  ***See also Commonwealth v. Feighery***, 661 A.2d 437 (Pa.Super. 1995) (explaining notice requirement of intention to dismiss is mandatory; vacating and remanding for fulfillment of notice requirement).[1]

---

[1] Where a PCRA petition is **untimely**, the court's failure to issue Rule 907 notice is not reversible error.  ***Commonwealth v. Taylor***, 65 A.3d 462 (Pa.Super. 2013).  Because the current PCRA petition was timely filed, this exception does not apply.

Instantly, Appellant filed a timely, counseled first PCRA petition on January 12, 2017. The court summarily dismissed the petition on April 4, 2017, without first issuing Rule 907 notice and giving Appellant an opportunity to respond. In its Rule 1925(a) opinion, the PCRA court concedes its error and asks this Court to remand for further proceedings. The Commonwealth agrees remand is proper. **See** Pa.R.Crim.P. 907(1); **Guthrie, supra**; **Feighery, supra**. Accordingly, we vacate the order denying PCRA relief and remand for appropriate further proceedings.

Order vacated; case remanded for further proceedings. Jurisdiction is relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/14/2017