J-S40029-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MAURICE ANDREWS | : | |
| | : | |
| Appellant | : | No. 2325 EDA 2017 |

Appeal from the PCRA Order June 23, 2017
in the Court of Common Pleas of Montgomery County
Criminal Division at No.:  CP-46-CR-0004380-2013

BEFORE:   LAZARUS, J., DUBOW, J., and PLATT*, J.

MEMORANDUM BY PLATT, J.:                   **FILED SEPTEMBER 06, 2018**

Appellant, Maurice Andrews, appeals from the order denying his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  Specifically, he claims that the PCRA court failed to comply with Pennsylvania Rules of Criminal Procedure 905(B) and 907(1), and that the court erred in dismissing his petition without an evidentiary hearing.  We are constrained to affirm the PCRA court's order in part, vacate in part, and remand to the PCRA court for compliance with Rule 905(B).

We take the factual and procedural history in this matter from our review of the certified record, and this Court's decision in Appellant's direct appeal.

> [A]t approximately 1:30 a.m. on March 22, 2013, [Appellant] and his cousin and co-conspirator—Michael Romain Hinton—arrived in the vicinity of Brian's Café, a bar located in Pottstown, Montgomery County, Pennsylvania, with the purpose

_____
\* Retired Senior Judge assigned to the Superior Court.

of confronting Victor "Short Man" Baez. [Appellant] was armed with a 9[]mm Glock handgun, and Hinton was armed with a .357 Smith & Wesson revolver. The pair lay in wait for [Baez], ambushing him when he exited the bar shortly after 2:00 a.m. While [Baez] struggled with Hinton for control of Hinton's revolver, [Appellant] shot [Baez] five times, killing him. Hinton was also hit by [Appellant's] gunfire and was wounded in the leg and hand.

Hinton's .357 Smith & Wesson revolver was discovered lying next to the body of [Baez]. [Appellant's] 9[]mm Glock was never recovered. [Appellant] and Hinton fled the scene separately. The wounded Hinton was apprehended several hours later on the streets of Pottstown and was transported to Reading Hospital, following which he gave several statements to police in which he implicated [Appellant] as the shooter. [Appellant] left the area following the shooting, and was ultimately arrested in Philadelphia at the home of his Aunt–Danielle "Dee" White–on April 18, 2013. It was the Commonwealth's theory of the case that [Baez] was murdered because [Appellant] had previously engaged in a botched robbery and kidnapping of [Baez's] nephew, and [Appellant] was afraid that [Baez] planned to retaliate against him.

(**Commonwealth v. Andrews**, No. 589 EDA 2015, unpublished memorandum at *2 (Pa. Super. filed Apr. 15, 2016) (quoting Trial Court Opinion, 7/29/15, at 1-2)).

After a five-day trial, a jury found [Appellant] guilty of third-degree murder, conspiracy to commit third-degree murder, firearms not to be carried without a license, and criminal trespass. On October 7, 2014, [Appellant] was sentenced to an aggregate term of thirty-five to seventy years' incarceration, including consecutive sentences of twenty to forty years' incarceration for third-degree murder and fifteen to thirty years for conspiracy to commit third-degree murder, as well as a concurrent sentence of one to two years for firearms not to be carried without a license.[a] The trial court imposed no further penalty on [Appellant's] criminal trespass conviction. The trial court denied [Appellant's] post-sentence motions on February 6, 2015, . . . .

[a] [Appellant] was also sentenced to one to two years' incarceration for possession with intent to distribute and one to two years' incarceration for possession of

- 2 -

a firearm with an obliterated serial number. These sentences stemmed from guilty pleas entered by [Appellant] and were ordered to run consecutively to his sentences for third-degree murder and conspiracy to commit third-degree murder, bringing his total aggregate sentence to thirty-seven to seventy-four years' incarceration.

(**Id.** at *4) (record citation omitted).

This Court affirmed Appellant's judgment of sentence on April 15, 2016, concluding, in part, that Appellant was not entitled to review of the discretionary aspects of sentencing because he failed to include a Rule 2119(f) statement in his brief, and the Commonwealth objected. (**See id.** at *1, 16). Appellant did not petition our Supreme Court for allowance of appeal.

On February 15, 2017, Appellant, counseled, filed the instant, timely, first PCRA petition. On April 19, 2017, the PCRA court issued notice of its intent to dismiss the PCRA petition, without a hearing, pursuant to Rule of Criminal Procedure 907. Appellant filed a response to the Rule 907 notice on May 8, 2017. On June 23, 2017, the PCRA court dismissed Appellant's petition without a hearing. This timely appeal followed.[1]

Appellant raises two multi-part questions on appeal:

   I.   Did the PCRA [c]ourt commit [an] error of law in failing to state any reasons for dismissal in its [n]otice of [i]ntent to [d]ismiss [the] PCRA [petition] without a hearing, contrary to the [e]xpress language of Pa.R.Crim.P[.] 905 and 907?

   II.  Did the PCRA [c]ourt commit [an] error of law/abuse its discretion by dismissing [the] PCRA [p]etition without a

---

[1] Pursuant to the PCRA court's order, Appellant filed a concise statement of errors complained of on appeal on August 22, 2017. The PCRA court issued its opinion on December 11, 2017. **See** Pa.R.A.P. 1925.

hearing regarding the claims of ineffectiveness of prior counsel, both at trial and on appeal, those being[:]

a) Failing to properly preserve the issue on appeal of whether sentence was excessive, by not filing a 2119(f) statement or raising a substantial question?

b) By not requesting a jury instruction on voluntary manslaughter (unreasonable belief)[?]

c) By not even attempting to interview potential witness Mark White, who had previously provide[d] statements and testified at a grand jury which tended to disprove/contradict testimony of some Commonwealth witnesses and the Commonwealth[']s theory of motive?

(Appellant's Brief, at 4).

"The standard of review of an order dismissing a PCRA petition is whether that determination is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." **Commonwealth v. Weimer**, 167 A.3d 78, 81 (Pa. Super. 2017), *appeal denied*, 176 A.3d 838 (Pa. 2017) (citation omitted).

In his first issue, Appellant claims that 1) the PCRA court erred when it failed to order amendment of Appellant's first petition in order to correct procedural deficiencies in accordance with Rule 905(B), and 2) the PCRA court did not comply with Rule 907(1) when it failed to set forth its reason for dismissal of the petition in its notice of intent to dismiss. (**See** Appellant's Brief, at 8-11). Appellant claims that because of these omissions he was prejudiced by not being able to amend his petition, or seek leave to correct

any perceived deficiencies by filing an amended petition. We are constrained to agree in part.

"When a petition for post-conviction collateral relief is defective as originally filed, the judge **shall** order amendment of the petition, indicate the nature of the defects, and specify the time within which an amended petition shall be filed." Pa.R.Crim.P. 905(B) (emphasis added). The purpose of this rule is "to provide PCRA petitioners with a legitimate opportunity to present their claims to the PCRA court in a manner sufficient to avoid dismissal due to a correctable defect in claim pleading or presentation." ***Commonwealth v. McGill***, 832 A.2d 1014, 1024 (Pa. 2003) (citation omitted).

Here, the PCRA court did not "order amendment of the petition, indicate the nature of the defects, and specify the time within which an amended petition shall be filed[,]" prior to issuing notice of its intent to dismiss Appellant's petition on April 19, 2017. Pa.R.Crim.P. 905(B); (***see*** Notice of Intent to Dismiss, 4/19/17). Appellant filed his timely response to the notice on May 8, 2017, arguing, among other things, that under Rule 905(B), he should have been permitted to amend his PCRA petition in order to update his claim with regard to trial counsel calling Mark White as a witness.[2] (***See*** Response to Notice, 5/08/17, at unnumbered page 6).

In its 1925(a) opinion, the PCRA court explained that it dismissed Appellant's claim of ineffective assistance of counsel for failing to interview

---

[2] Appellant did not file a motion for leave to file an amended PCRA petition. ***See*** Pa.R.Crim.P. 905(A).

witness Mark White, as defective because it "failed to include the requisite, signed certification for the proposed witness's testimony . . . ." (PCRA Ct. Op., 12/11/17, at 8) (record citations and unnecessary capitalization omitted).[3]

Upon review, we are constrained to conclude that the PCRA court abused its discretion in dismissing Appellant's ineffective assistance claim related to the witness Mark White based on procedural deficiencies, without "order[ing] amendment of the petition" or providing Appellant with notice of "the nature of the defects[.]" Pa.R.Crim.P. 905(B); *see McGill*, *supra* at 1024. Accordingly, we remand to the PCRA court for compliance with Rule 905(B) with respect to Appellant's ineffective assistance of counsel claim concerning witness Mark White. *See Commonwealth v. Robinson*, 947 A.2d 710, 711 (Pa. 2008) (concluding that PCRA court did not comply with Rule 905(B) and

---

[3] In its opinion, the PCRA court explained that on May 25, 2017, "the law clerk for the [PCRA court] emailed PCRA counsel, with Commonwealth counsel cc'd, to confirm his intent to file an amended PCRA petition and informed the same that he needed to file a motion for leave to file an amended PCRA [petition] pursuant to Pa.R.Crim.P. 905(A)[.]" (PCRA Ct. Op., at 4) (unnecessary capitalization omitted). On June 2, 2017, PCRA counsel replied, stating that he would file the appropriate motion by the following week. Counsel later emailed the law clerk, expanding the timeline and stating that he would file the motion the week of June 19, 2017. The PCRA court dismissed Appellant's petition on Friday, June 23, 2017, having not received an official motion from Appellant for leave to file an amended PCRA petition. (*See id.* at 4-5).

It is unclear whether the court intended its law clerk's email correspondence to satisfy its responsibility under Rule 905(B) to "order amendment of the petition[.]" Pa.R.Crim.P. 905(B). However, because nothing in the certified record reflects that the court gave leave to amend the petition to cure the defects, we decline to consider emailed correspondence from the law clerk (which emails did not detail the nature of the defects), to satisfy the PCRA court's responsibility.

remanding, after court dismissed petition because it lacked witness certification, without providing notice of the defect).

However, with respect to Appellant's second and third claims of ineffective assistance of counsel, we conclude that, because the PCRA court dismissed those claims on the merits rather than because of procedural deficiencies, (*see* PCRA Ct. Op., at 9), its dismissal did not violate Rule 905(B). Therefore, Appellant's Rule 905(B) challenge does not merit relief with respect to his second and third claims of ineffective assistance of counsel.

In the second part of his first issue, Appellant claims that the PCRA court erred when it failed to comply with the requirements of Rule 907(1) that it state in its notice of intent to dismiss the reasons for the dismissal. (*See* Appellant's Brief, at 8-11).

Pennsylvania Rule of Criminal Procedure 907(1) provides, *inter alia*,

> . . . If the judge is satisfied from this review that there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings, the judge shall give notice to the parties of the intention to dismiss the petition **and shall state in the notice the reasons for the dismissal**. The defendant may respond to the proposed dismissal within 20 days of the date of the notice. The judge thereafter shall order the petition dismissed, grant leave to file an amended petition, or direct that the proceedings continue.

Pa.R.Crim.P. 907(1) (emphasis added). "[A] Rule 907 pre-dismissal notice affords a petitioner the opportunity to seek leave to amend his petition and correct any material defects. The ultimate goal of this process is to permit

merit review by the PCRA court of potentially arguable claims." ***Weimer***, ***supra*** at 86 (citations omitted).

In ***Commonwealth v. Feighery***, 661 A.2d 437 (Pa. Super. 1995), this Court emphasized that Rule 907's notice of intent to dismiss requirement is mandatory, as is the Rule's requirement that the notice provide the rationale for the dismissal. ***See Feighery***, ***supra*** at 439.

In the instant case, the PCRA court's notice of intent to dismiss reads, in its entirety, as follows:

> AND NOW, this 19th day of April, 2017, upon consideration of Defendant's Petition for Post-Conviction Collateral Relief ("PCRA Petition"), and the Commonwealth's Answer and Motion to Dismiss Defendant's PCRA Petition, this Court **INTENDS TO DISMISS** Defendant's Petition **WITHOUT A HEARING** pursuant to Pa.R.Crim.P., Rule 907.
>
> Defendant may respond to this proposed dismissal **within twenty (20) days** of the date of this Notice. Clerk of Courts shall promptly file, serve, and docket this Notice pursuant to Pennsylvania Rules of Criminal Procedure, Rule 114.

(Notice of Intent to Dismiss, 4/19/17) (emphases in original).

The notice does not state the reasons for the dismissal, and therefore does not comply with the requirements set forth in Rule 907(1). (***See id.***); Pa.R.Crim.P. 907(1). However, despite the defects contained in the PCRA court's notice, Appellant filed a timely response to the notice of intent to dismiss, arguing how the issues raised were, in fact, meritorious. (***See*** Response to Notice, at unnumbered pages 1-8). Thus, it appears that Appellant was able to ascertain the reasons for the PCRA court's intent to dismiss and adequately formulate a response regardless of the defective Rule

907(1) notice. Accordingly, although the PCRA court's notice was deficient, we do not conclude that Appellant was prejudiced by the court's omission. Appellant's claim that the PCRA court did not comply with Rule 907 does not merit relief.

In his second issue, Appellant claims that he is entitled to relief because "[e]ach of the three [ineffective assistance of counsel] claims have merit[, and] [a]n evidentiary hearing is required to afford Appellant an opportunity to prove [the] same." (Appellant's Brief, at 11; *see id.* at 11-17). We disagree.

> The governing legal standard of review of ineffective assistance of counsel claims is well-settled:
>
>> [C]ounsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him. [*See*] *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). This Court has described the *Strickland* standard as tripartite by dividing the performance element into two distinct components. [*See*] *Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973, 975 (1987). Accordingly, to prove counsel ineffective, the petitioner must demonstrate that (1) the underlying legal issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) the petitioner was prejudiced by counsel's act or omission. *Id.* A claim of ineffectiveness will be denied if the petitioner's evidence fails to satisfy any one of these prongs.
>
> Furthermore, [i]n accord with these well-established criteria for review, [an appellant] must set forth and individually discuss substantively each prong of the *Pierce* test.

*Commonwealth v. Roane*, 142 A.3d 79, 88 (Pa. Super. 2016) (quotation marks and some case citations omitted).

In his second claim of ineffectiveness,[4] Appellant contends that "it is virtually *per se* ineffectiveness [for trial counsel] to fail to file a 2119(f) statement[;]" argues that his challenge to the discretionary aspect of his sentence had merit; and claims that he was prejudiced because counsel's omission precluded consideration of his challenge to the discretionary aspects of his sentence. (Appellant's Brief, at 13; *see id.* at 12-13). We disagree.

Since it is uncontested that appellate counsel did not preserve Appellant's challenge to the discretionary aspects of his sentence by filing a 2119(f) statement, and there is no reasonable basis for counsel's failure to do so while attempting to argue a discretionary claim, the first two prongs of the *Pierce* test are met.[5] *See Roane*, *supra* at 88. However, the final prong of the *Pierce* test, that Appellant was prejudiced by counsel's omission, and would have been entitled to relief on his discretionary aspect of sentencing claim, had it been perfected, is not met.

> Sentencing is a matter vested in the sound discretion of the
> sentencing judge, and a sentence will not be disturbed on appeal

---

[4] Appellant's second question concerns all three of his claims of ineffective assistance of counsel; however, because we are remanding Appellant's first claim to the PCRA court, we only discuss his second and third claims of ineffective assistance.

[5] Although Appellant claims that counsel's actions constituted *per se* ineffectiveness, because counsel's omission did not constitute actual or constructive denial of counsel, we decline to apply the doctrine of presumed prejudice. *See Commonwealth v. Reaves*, 923 A.2d 1119, 1128 (Pa. 2007). Therefore, we apply the *Strickland*/*Pierce* test for Appellant's claims of ineffectiveness. *See Roane*, *supra* at 88.

absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Hoch***, 936 A.2d 515, 517-18 (Pa. Super. 2007) (citation omitted).

Appellant has failed to demonstrate that he was prejudiced by counsel's omission because he has not proven that a new sentencing hearing would have been granted, had counsel preserved his claim. Even if we were to assume that Appellant would have presented a substantial question that the sentence imposed was against the Sentencing Code, our review of the sentencing transcript reveals that the court did not abuse its discretion in imposing sentence. ***See id.***

Here, the court had the benefit of a presentence investigative report (PSI). (***See*** N.T. Sentencing, 10/07/14, at 4). Additionally, the court heard testimony from Appellant's mother concerning his childhood. It also considered the information contained in the PSI, together with the facts and evidence presented at the trials of Appellant and his co-conspirator, as well as the letter from the victim's mother, and the arguments of counsel. (***See id.*** at 25). The court then stated that the murder of the victim was a "very, very violent crime[.]" (***Id.*** at 27). The court explained that it reviewed Appellant's prior history and unfortunate circumstances, but concluded that his history did not serve as an excuse or justification for his action. (***See id.*** at 27-29).

- 11 -

The court then sentenced Appellant to an aggregate sentence of not less than thirty-seven nor more than seventy-four years of incarceration.[6]

Upon review, the trial court did not abuse its discretion in imposing its sentence. **See Hoch**, **supra** at 517-18. Therefore, we conclude that Appellant did not prove that he was prejudiced by counsel's failure to preserve his challenge to the discretionary aspects of his sentence, and his ineffective assistance of counsel claim asserting the same is meritless. **See Roane**, **supra** at 88.

In his final claim of ineffectiveness, Appellant argues that trial counsel was ineffective for failing to request a jury instruction on voluntary manslaughter. (**See** Appellant's Brief, at 13-15). He claims that he is entitled to relief because the instruction would have been read to the jury if requested, counsel did not have a reasonable basis for advising Appellant against requesting an instruction, and he was prejudiced by the lack of such instruction. (**See id.**). We disagree.

As discussed above, "[t]his Court analyzes PCRA appeals in the light most favorable to the prevailing party at the PCRA level." **Commonwealth v. Charleston**, 94 A.3d 1012, 1025 (Pa. Super. 2014), *appeal denied*, 104 A.3d 523 (Pa. 2014) (citations, internal quotation marks, and emphasis omitted). "[V]iewing the prejudice question under the appropriate standard, to establish prejudice from trial counsel's failure to object to the challenged

---

[6] The total aggregate sentence included the court's sentence in the two other cases where Appellant pleaded guilty. **See supra**, at *2-3.

- 12 -

portion of the justification charge, Appel[ant] must show there is a reasonable probability that, but for counsel's error or omission, the result of the proceeding would have been different." *Id.* at 1026 (citations omitted).

Here, the PCRA court found Appellant did not demonstrate that he was prejudiced by counsel's failure to request a voluntary manslaughter instruction. It explained that

> the record is devoid of any indication that at the time [Appellant] killed [Victim] he acted under a sudden and intense passion resulting from serious provocation by [Victim]. . . . [T]he facts of the case . . . show a deliberate murder of Victim by Appellant, such that he went to the bar and laid in wait for Victim with his motive being to kill him before Victim could retaliate for Appellant's prior, failed robbery and kidnapping of Victim's nephew. The jury found beyond a reasonable doubt that these facts amounted to malice and a specific intent to kill, upon which the trial court instructed them. Notably, Appellant also was given an on-the-record colloquy, wherein Appellant stated it was his decision not to pursue a voluntary manslaughter instruction. Appellant cannot, then, instantly claim trial counsel was ineffective for failing to request such a charge and instruction, for which the record did not support anyway. . . .

(PCRA Ct. Op., at 13) (record citations and quotation marks omitted).

On independent review, we conclude that Appellant has not proven there is a reasonable probability that, if counsel had requested a voluntary manslaughter instruction, the result of the trial would have been different. *See Charleston*, *supra* at 1026. His unsupported speculation that, had it been instructed with respect to voluntary manslaughter, the jury would have convicted him as such, does not establish a reasonable probability. *See id.* Accordingly, he has failed to prove that he was prejudiced by trial counsel's

decision, and his claim of ineffective assistance of counsel does not merit relief. ***See Roane***, ***supra*** at 88.

Finally, because Appellant's claims of ineffective assistance of counsel, for failing to preserve the discretionary aspects of sentencing challenge and failing to request a voluntary manslaughter jury instruction, are meritless, we conclude that the PCRA court did not err in dismissing such claims without conducting an evidentiary hearing. ***See Charleston***, ***supra*** at 1028.

Accordingly, we affirm the PCRA court's order to the extent it dismissed Appellant's claims of ineffective assistance of counsel for failing to preserve his challenge to the discretionary aspects of his sentence and failing to request a voluntary manslaughter instruction as meritless. We vacate the order concerning Appellant's claim of ineffective assistance of counsel with respect to witness Mark White, and remand to the PCRA court to comply with Rule 905(B) and this decision.

Order affirmed in part and vacated in part. Case remanded to the PCRA court. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/6/18

- 14 -