J-S50024-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| RALPH JUSTIN CARTER | : | |
| | : | |
| Appellant | : | No. 66 WDA 2018 |

Appeal from the PCRA Order December 15, 2017
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0008812-2012

BEFORE:  BOWES, J., OTT, J., and KUNSELMAN, J.

MEMORANDUM BY OTT, J.:                                **FILED JANUARY 11, 2019**

Ralph Justin Carter appeals, *pro se*, from the order entered December 15, 2017, in the Allegheny County Court of Common Pleas dismissing his first petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1,]  Carter seeks relief from the aggregate sentence of 86 to 172 months' incarceration, imposed after a jury convicted him of person not to possess firearm, possession of a controlled substance with intent to deliver ("PWID"), possession of a controlled substance, and possession of drug paraphernalia.[2]  On appeal, Carter raises claims that the PCRA court failed to provide him with a copy of its Pa.R.Crim.P. 907 notice of intent to dismiss

_____

[1] 42 Pa.C.S. §§ 9541-9546.

[2]  18 Pa.C.S. § 6105(a)(1), and 35 P.S. §§ (a)(30), (a)(16), and (a)(32), respectively.

order, counsel provided ineffective assistance, and the court erred in dismissing the petition because genuine issues of material fact existed. For the reasons below, we vacate the order and remand with instructions.

The facts underlying Carter's convictions are well-known to the parties and we need not reiterate them in detail herein. *Commonwealth v. Carter*, 131 A.3d 93 (Pa. Super. 2015) (unpublished memorandum), *appeal denied*, 135 A.3d 582 (Pa. 2016). To summarize, on October 23, 2013, a jury convicted Carter of the above-mentioned crimes. On January 30, 2014, the trial court sentenced Carter to a term of five to 10 years' incarceration for the person not to possess a firearm conviction, a concurrent term of eight to 16 years' imprisonment for the PWID count, and no further penalty on the remaining crimes. Carter filed a post-sentence motion, which was denied on February 25, 2014. On direct appeal, a panel of this Court upheld the convictions, but remanded for resentencing due to the unconstitutionality of Pennsylvania's sentencing scheme. On March 17, 2017, the trial court resentenced Carter to an aggregate term of 86 to 172 months' imprisonment, and denied his post-sentence motion on March 22, 2017.[3]

_____

[3] Subsequently, Carter filed a notice of appeal but discontinued his direct appeal on June 12, 2017.

On June 8, 2017, Carter filed a *pro se* PCRA petition. Counsel was appointed, but later filed a motion to withdraw as counsel and ***Turner***/***Finley***[4] "no merit" letter on November 17, 2017. On November 21, 2017, the PCRA court issued a notice of intention to dismiss Carter's petition without a hearing pursuant to Rule 907. On December 15, 2017, the PCRA court dismissed the petition and granted counsel's request to withdraw. This appeal followed.[5]

In his first argument, Carter argues he was deprived of the right to a period of 20 days between the PCRA court's Rule 907 notice and its December 15, 2017, dismissal order so that he could respond to counsel's motion to withdraw and/or the court's order. ***See*** Carter's Brief at 11½ -16. Carter alleges he did not receive the court's Rule 907 notice at all, and he did not obtain counsel's no-merit letter until December 6, 2017, which was only nine days before the court issued its dismissal order. ***Id.***

Rule 907 provides, in relevant part:

**(1)** the judge shall promptly review the petition, any answer by the attorney for the Commonwealth, and other matters of record relating to the defendant's claim(s). If the judge is satisfied from this review that there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any

---

[4] ***See Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[5] On January 10, 2018, the PCRA court ordered Carter to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Carter filed a concise statement on January 26, 2018, and amended statement on March 12, 2018. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on April 3, 2018.

further proceedings, the judge shall give notice to the parties of the intention to dismiss the petition and shall state in the notice the reasons for the dismissal. **The defendant may respond to the proposed dismissal within 20 days of the date of the notice.** The judge thereafter shall order the petition dismissed, grant leave to file an amended petition, or direct that the proceedings continue.

Pa.R.Crim.P. 907(1) (emphasis added). "It is … clear that the notice requirement of the intention to dismiss, is mandatory[.]" ***Commonwealth v. Feighery***, 661 A.2d 437, 439 (Pa. Super. 1995), *appeal denied*, 701 A.2d 575 (Pa. 1997).[6]

Here, the Commonwealth concedes[7] the record supports Carter's contention that he did not receive the court's Rule 907 notice. The court's November 21, 2017, order, contains no indication who was sent the document, *i.e.*, there is no carbon copy line indicating who was mailed the order. Moreover, there is no certificate of service or return receipt in the certified record demonstrating Carter received the Rule 907 notice, and there is also nothing on the docket that would indicate the notice was mailed to Carter or how it was sent.

Additionally, we note counsel's no-merit letter and motion to withdraw contain an incorrect Department of Corrections ("DOC") inmate number for

---

[6] ***See also Commonwealth v. Guthrie***, 749 A.2d 502, 503 (Pa. Super. 2000). "The failure to challenge the absence of a Rule 907 notice constitutes waiver." ***Commonwealth v. Taylor***, 65 A.3d 462, 468 (Pa. Super. 2013), *citing* ***Commonwealth v. Boyd***, 923 A.2d 513, 514 n.1 (Pa. Super. 2007).

[7] ***See*** Commonwealth's Brief at 10-18.

Carter. **Compare** Carter's Pro Se PCRA Petition, 5/23/2017, at Verification Page ("MV-1754") **with** Motion to Withdraw as Counsel and "No Merit" Letter Pursuant to Turner/Finley, 11/17/2017, at 19 ("MG-8840").

Consequently, based on the Commonwealth's concession that Carter is entitled to relief, and in the interests of justice, we conclude the PCRA court erred in failing to provide Carter with proper Rule 907 notice, and permit him the opportunity to file a response. Therefore, we vacate the court's order denying Carter's petition, and remand for further proceedings. We direct the court to serve a new Rule 907 notice on Carter, and permit him 20 days to file a response, raising any challenges to PCRA counsel's **Turner**/**Finley** letter, claims of PCRA counsel's ineffectiveness, and/or arguments concerning the merits of his underlying issues.

Order vacated. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/11/2019