J-S03034-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JESSIE JAMES HOLLEY | : | |
| | : | |
| Appellant | : | No. 1104 WDA 2019 |

Appeal from the PCRA Order Entered July 8, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0014168-2014

BEFORE:  McLAUGHLIN, J., McCAFFERY, J., and PELLEGRINI, J.[*]

JUDGMENT ORDER BY PELLEGRINI, J.:          **FILED FEBRUARY 7, 2020**

Jessie James Holley (Holley) appeals *pro se* from the order entered in the Court of Common Pleas of Allegheny County (PCRA court) dismissing his first petition for relief filed pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  Because the PCRA court failed to issue notice of its intent to dismiss under Pa.R.Crim.P. 907(a), we vacate and remand.

On August 8, 2017, Holley was sentenced to serve an aggregate 35 to 70 years' imprisonment after being convicted by a jury of numerous sexual offenses.  After the denial of post-sentence motions, Holley appealed.  This Court affirmed the judgment of sentence on October 15, 2018.  ***See***

_____

[*] Retired Senior Judge assigned to the Superior Court.

*Commonwealth v. Holley*, 1353 WDA 2017 (Pa. Super. 2018) (unpublished memorandum).

On January 9, 2019, Holley filed a *pro se* PCRA petition and was appointed counsel. However, just two months later, Holley requested he be permitted to represent himself. Consequently, on April 29, 2019, the PCRA court held a hearing pursuant to *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998), and granted Holley's request to proceed *pro se*. The PCRA court further ordered that if Holley wished to file an amended PCRA petition, he needed to file it within 60 days. Holley never filed an amended petition and on July 8, 2019, the PCRA court entered an order dismissing Holley's petition without hearing.

After Holley filed a notice of appeal, the PCRA court issued a statement in lieu of opinion requesting that this matter be remanded so that it can issue a notice of intent to dismiss as required by Pa.R.Crim.P. 907, which it had failed to do before dismissing Holley's petition. In its brief, the Commonwealth agrees with the PCRA court's position and requests that this Court remand this matter for the issuance of a Rule 907 notice which Holley may respond to.

We agree with the PCRA court that remand is appropriate. Pennsylvania Rule of Criminal Procedure 907 provides, in pertinent part, as follows:

> the judge shall promptly review the petition, any answer by the attorney for the Commonwealth, and other matters of record relating to the defendant's claim(s). If the judge is satisfied from this review that there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any

> further proceedings, the judge shall give notice to the parties of the intention to dismiss the petition and shall state in the notice the reasons for the dismissal. The defendant may respond to the proposed dismissal within 20 days of the date of the notice. The judge thereafter shall order the petition dismissed, grant leave to file an amended petition, or direct that the proceedings continue.

Pa.R.Crim.P. 907(1). A PCRA court's compliance with this rule is mandatory.

*See Commonwealth v. Feighery*, 661 A.2d 437, 439 (Pa. Super. 1995) ("It is, of course, clear that the notice requirement of the intention to dismiss, is mandatory ('the judge shall (give notice and) shall state (the reasons)' ") (emphasis in original).

Even though Holley did not file an amended PCRA petition, this did not alleviate the PCRA court of issuing a Rule 907 notice before dismissing his petition. On remand, the PCRA court shall comply with Rule 907 and issue a notice stating the reasons for its intent to dismiss Holley's PCRA petition. In accordance with the rule, Holley may respond to the notice within 20 days of its issuance.

Order vacated; case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/7/2020

- 3 -