J-S42033-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                                    :             PENNSYLVANIA
                                                     :

                   v.                     :

                                                    :

FRANK ROSADO                     :
                                                    :

                Appellant        :      No. 2517 EDA 2019

Appeal from the PCRA Order Entered August 12, 2019
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-1008191-1989

BEFORE:  PANELLA, P.J., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:          Filed: November 25, 2020

Frank Rosado ("Rosado") appeals, *pro se*, from the Order dismissing his second Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  Because the PCRA court failed to issue notice of its intent to dismiss under Pa.R.Crim.P. 907(a) prior to issuing its Order, we vacate and remand.

On July 5, 1990, Rosado was convicted of one count of first-degree murder, and two counts each of recklessly endangering another person and possession of an instrument of crime, for the killing of Luis Diaz in Philadelphia in September 1989.  The trial court sentenced Rosado to an aggregate term of life in prison.  This Court affirmed Rosado's judgment of sentence, and the

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

Pennsylvania Supreme Court denied allowance of appeal. *See Commonwealth v. Rosado*, 617 A.2d 392 (Pa. Super. 1992) (unpublished memorandum), *appeal denied*, 634 A.2d 1115 (Pa. 1993).

On March 22, 1999, Rosado filed his first, *pro se*, PCRA Petition. Rosado was appointed counsel, who filed a *Turner*/*Finley*[2] no-merit letter. The PCRA court granted counsel leave to withdraw and dismissed Rosado's Petition. This Court subsequently affirmed the dismissal. *See Commonwealth v. Rosado*, 3414 EDA 2001 (Pa. Super. 2002) (unpublished memorandum).

On December 9, 2016, Rosado filed the instant, *pro se*, PCRA Petition. In his Petition, Rosado alleged that in October 2016, he received exculpatory evidence in the form of an Affidavit from an eyewitness. On August 12, 2019, the PCRA court issued an Order dismissing Rosado's Petition as untimely filed, pursuant to section 9545(b). Two days later, on August 14, 2019, the PCRA court issued a Notice, pursuant to Pa.R.Crim.P. 907, advising Rosado of its intent to dismiss his Petition without a hearing.

Rosado filed a timely Notice of Appeal. Although the trial court did not order Rosado to file a Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal, the PCRA court did issue an Opinion. In its Opinion, the PCRA court requested that this Court remand Rosado's appeal, as the

---

[2] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

PCRA court had inadvertently issued its Order dismissing Rosado's Petition prior to issuing the Rule 907 Notice of its intent to do so. Trial Court Opinion, 12/6/19, at 1-2.[3, 4]

On appeal, Rosado argues the following:

Did the PCRA Court [d]ismiss [Rosado]'s [PCRA] Petition without serving [Rosado] with a timely Notice of Intent to Dismiss [pursuant to Pa.R.Crim.P. 907,] and/or [d]enying [Rosado] his mandated right to file [o]bjections to the [Rule] 907 [Notice], in violation of **Finely** [(*sic*)]?

Brief for Appellant at 4.

Our standard of review for the denial of PCRA relief is well settled.

"Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." **Commonwealth v. Hanible**, [] 30 A.3d 426, 438 ([Pa.] 2011) (citing **Commonwealth v. Colavita**, [] 993 A.2d 874, 886 ([Pa.] 2010)). We view the findings of the PCRA court and the evidence of record in a light most favorable to the prevailing party. **Id.** With respect to the PCRA court's decision to deny a request for an evidentiary hearing, or to hold a limited evidentiary hearing, such a decision is within the discretion of the PCRA court and will not be overturned absent an abuse of discretion. **See Commonwealth v. Reid**, [] 99 A.3d 470, 485 ([Pa.] 2014).

**Commonwealth v. Mason**, 130 A.3d 601, 617 (Pa. 2015). Pennsylvania Rule of Criminal Procedure 907 provides, in pertinent part, as follows:

---

[3] In its Opinion, the trial court characterizes the reason for this discrepancy as an "administrative error." Trial Court Opinion, 12/6/19, at 2.

[4] We note that the Commonwealth, in its brief, agrees with the PCRA court's position, and requests that this Court remand the matter for the proper issuance of a Rule 907 notice to which Rosado may respond. Commonwealth's Brief at 3 (unnumbered).

- 3 -

the judge shall promptly review the petition, any answer by the attorney for the Commonwealth, and other matters of record relating to the defendant's claim(s). If the judge is satisfied from this review that there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings, the judge shall give notice to the parties of the intention to dismiss the petition and shall state in the notice the reasons for the dismissal. The defendant may respond to the proposed dismissal within 20 days of the date of the notice. The judge thereafter shall order the petition dismissed, grant leave to file an amended petition, or direct that the proceedings continue.

Pa.R.Crim.P. 907(1). A PCRA court's compliance with this rule is mandatory.

*See Commonwealth v. Feighery*, 661 A.2d 437, 439 (Pa. Super. 1995) (stating that "[i]t is, of course, clear that the notice requirement of the intention to dismiss, is mandatory ('the [trial court] *shall* (give notice and) *shall* state (the reasons)' [for the dismissal]")) (emphasis in original).

In this case, the PCRA court issued its Order dismissing Rosado's Petition on August 12, 2019, without first filing a Rule 907 Notice of Intent. Accordingly, the PCRA court failed to comply with the mandatory dictates of Rule 907, and we therefore vacate its Order dismissing Rosado's Petition.[5]

_____

[5] We acknowledge this Court's prior holdings that a PCRA petitioner is not automatically entitled to reversal on the basis of a PCRA court's failure to provide notice under Rule 907 when the underlying PCRA petition is untimely. *See Commonwealth v. Purcell*, 749 A.2d 911, 917 n.7 (Pa. 2000) (refusing to reverse the PCRA court's order, even when the PCRA court failed to give the petitioner notice, when this Court's independent review determined that the petitioner had failed to invoke one of the timeliness exceptions in the PCRA). However, because the PCRA court and the Commonwealth agree that this matter should be remanded, we will vacate the PCRA court's Order, and remand with instructions to comply with the dictates of Rule 907.

*See* Pa.R.Crim.P. 907; *Feighery*, *supra* (remanding the dismissal of a PCRA petition where the appellant did not receive notice prior to the issuance of the order dismissing the petition). On remand, the PCRA court is directed to comply with Rule 907 if it intends to dismiss Rosado's Petition without a hearing.

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/25/20