J-A29041-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
CARNELL J. TINSON :
:
Appellant : No. 194 WDA 2021

Appeal from the PCRA Order Entered January 8, 2021
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0003363-2016

BEFORE: BENDER, P.J.E., BOWES, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.: **FILED: January 11, 2022**

Carnell J. Tinson (Tinson) appeals from the order of the Court of
Common Pleas of Erie County (PCRA court) dismissing his petition filed
pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.
After review, we vacate and remand.

In April 2017, a jury convicted Tinson of possession with intent to
deliver, conspiracy, simple possession, paraphernalia and possession of
firearms prohibited. The next month, he was sentenced to an aggregate term
of imprisonment of 15½ to 31 years. We affirmed his judgment of sentence
on September 17, 2018, and our Supreme Court denied further review on
April 30, 2019. ***Commonwealth v. Tinson***, 1542 WDA 2017 (Pa. Super.

_____

[*] Retired Senior Judge assigned to the Superior Court.

2018) (unpublished memorandum), *appeal denied*, 207 A.3d 907 (Pa. 2019).

Because he did not seek certiorari in the United States Supreme Court, Tinson's judgment of sentence became final on July 29, 2019.[1]

Tinson filed a *pro se* PCRA petition on July 14, 2020. After a **Grazier** hearing,[2] the PCRA court permitted him to proceed as his own counsel, following which he filed an amendment to his petition. On December 14, 2020, the PCRA court issued notice of intent to dismiss under Pa.R.Crim.P. 907. After receiving no response from Tinson, the PCRA court dismissed the petition without hearing on January 8, 2021. This timely appeal followed.

Before addressing the merits, we note that Tinson alleges in his brief that he never received the PCRA court's Rule 907 notice of intent to dismiss. After reviewing the certified record, we find support for his allegation. The PCRA court's Rule 907 notice reflects that it sent a copy to Tinson at SCI-Laurel Highlands on the same day of its notice, December 14, 2020. On

---

[1] The judgment of sentence became final at the expiration of the 90-day period for seeking review with the United States Supreme Court. **See** 42 Pa.C.S. § 9545(b)(3) (a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); **Commonwealth v. Owens**, 718 A.2d 330, 331 (Pa. Super. 1998) (noting that Sup.Ct.R. 13 grants an appellant 90 days to seek review with the United States Supreme Court).

[2] **See Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998) (When a waiver of the right to counsel is sought at the post-conviction and appellate stages, an on-the-record determination should be made that the waiver is a knowing, intelligent, and voluntary one.)

January 12, 2021, however, the Erie County Clerk of Courts received the notice back with the envelope marked as refused by the Department of Corrections (DOC). This is followed in the record by an email directed to the Erie County Clerk of Records from DOC. The email states: "Please be advised that your mailing to inmate CARNELL TINSON was rejected by mailroom staff on 1/11/2021 and returned to you because he/she no longer resides at the facility."[3]

> Pennsylvania Rule of Criminal Procedure 907 provides, in pertinent part:
>
> the judge shall promptly review the petition, any answer by the attorney for the Commonwealth, and other matters of record relating to the defendant's claim(s). If the judge is satisfied from this review that there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings, the judge shall give notice to the parties of the intention to dismiss the petition and shall state in the notice the reasons for the dismissal. The defendant may respond to the proposed dismissal within 20 days of the date of the notice. The judge thereafter shall order the petition dismissed, grant leave to file an amended petition, or direct that the proceedings continue.

Pa.R.Crim.P. 907(1). "Rule 907 pre-dismissal notice affords a petitioner the opportunity to seek leave to amend his petition and correct any material defects. The ultimate goal of this process is to permit merit review by the PCRA court of potentially arguable claims." *Commonwealth v. Weimer*, 167

---

[3] The certified record also reflects that the PCRA court sent its January 8, 2021 order dismissing the petition to Tinson at SCI-Laurel Highlands. Like it did with the Rule 907 notice, the DOC returned the order to the Clerk of Courts, which timestamped the returned envelope on January 19, 2021.

A.3d 78, 86 (Pa. Super. 2017) (citations omitted). Moreover, a PCRA court's compliance with this rule is mandatory. ***Commonwealth v. Feighery***, 661 A.2d 437, 439 (Pa. Super. 1995) (stating that "[i]t is, of course, clear that the notice requirement of the intention to dismiss, is mandatory ('the [trial court] *shall* (give notice and) *shall* state (the reasons)' [for the dismissal]")) (emphasis in original).

Here, the PCRA court complied with Rule 907 and tried to send a copy of its notice to Tinson in state prison. The record reflects, however, that Tinson did not receive that notice because he was not imprisoned at SCI-Laurel Highlands at the time. That notice was then returned to the Clerk of Courts four days after the PCRA court had already issued its final order dismissing his petition. Thus, out of an abundance of caution, we remand for the PCRA court to ensure compliance with Rule 907 and afford Tinson the opportunity to respond to the PCRA court's stated reasons for dismissing his petition.[4]

---

[4] We note for Tinson that there is no right to an evidentiary hearing, and a PCRA court has discretion to deny a petition without a hearing if it "determines that the petitioner's claim is patently frivolous and is without a trace of support in either the record or from other evidence." ***Commonwealth v. Hart***, 911 A.2d 939, 941 (Pa. Super. 2006) (citation omitted). In this regard, a PCRA petition shall include the facts supporting each ground for relief that "appear in the record, and the place in the record where they appear." Pa.R.Crim.P. 902(A)(12)(a). If those facts do not appear in the record, then the petition must include "identification of any affidavits, documents, and other evidence showing such facts." Pa.R.Crim.P. 902(A)(12)(b). We implore Tinson to follow these guidelines on remand rather than, as he does in his brief, baldly assert various violations and cite caselaw.

Order vacated; case remanded.  Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  1/11/2022