J-S04025-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| THEODORE RIDGEWAY | : | |
| | : | |
| Appellant | : | No. 1148 EDA 2021 |

Appeal from the PCRA Order Entered May 10, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at CP-51-CR-0406791-2002

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| THEODORE RIDGEWAY | : | |
| | : | |
| Appellant | : | No. 1149 EDA 2021 |

Appeal from the PCRA Order Entered May 10, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at CP-51-CR-0407611-2002

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| THEODORE RIDGEWAY | : | |
| | : | |
| Appellant | : | No. 1150 EDA 2021 |

Appeal from the PCRA Order Entered May 10, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at CP-51-CR-0407671-2002

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                    :           PENNSYLVANIA
                    :
       v.               :
                    :
                    :
THEODORE RIDGEWAY         :
                    :
        Appellant     :    No. 1151 EDA 2021

Appeal from the PCRA Order Entered May 10, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at CP-51-CR-0512841-2002

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                    :           PENNSYLVANIA
                    :
       v.               :
                    :
                    :
THEODORE RIDGEWAY         :
                    :
        Appellant     :    No. 1152 EDA 2021

Appeal from the PCRA Order Entered May 10, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at CP-51-CR-0801481-2002

BEFORE:   BENDER, P.J.E., MURRAY, J., and STEVENS, P.J.E.*

MEMORANDUM BY MURRAY, J.:            **FILED FEBRUARY 8, 2022**

Theodore Ridgeway (Appellant) appeals from the denial of his serial petitions filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.[1] After careful review, we reverse and remand for further proceedings.

---

* Former Justice specially assigned to the Superior Court.

[1] Although Appellant filed identical PCRA petitions at each docket, we collectively refer to them as a singular "petition."

The PCRA court explained, "Over a period of several months in 2002, [Appellant] robbed multiple Chinese food restaurants in the city of Philadelphia at gunpoint. [Appellant] enlisted the aid of separate accomplices each time, one of whom was a minor. [Appellant] ultimately was arrested during a four-robbery spree in West Philadelphia." PCRA Court Opinion, 7/29/21, at 1.

On May 13, 2003, a jury convicted Appellant of six counts of robbery, five counts of possession of an instrument of crime, two counts of possession of a firearm without a license, and one count each of possession of a firearm on a public street in Philadelphia, simple assault, and criminal conspiracy.[2] On March 17, 2004, the trial court sentenced Appellant to an aggregate prison term of 115½ - 231 years. This Court affirmed Appellant's judgments of sentence, and the Pennsylvania Supreme Court denied allowance of appeal. *See Commonwealth v. Ridgeway*, 885 A.2d 584 (Pa. Super. Aug. 24, 2005) (unpublished memorandum), *appeal denied*, 895 A.2d 1260 (Pa. 2006).

Between 2007 and 2018, Appellant filed two PCRA petitions without success. On June 7, 2017, Appellant filed an application for *habeas corpus* alleging ineffective assistance of counsel. *See* PCRA Petition, 6/7/17, ¶ 11. Treating the application as a PCRA petition, the PCRA court appointed counsel, who filed a no-merit letter on June 27, 2018. *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d

---

[2] *See* 18 Pa.C.S.A. §§ 3701(a)(ii), 907, 6106(a)(1), 6108, 2701(a)(1), 903.

213 (Pa. Super. 1988) (*en banc*). After appropriate notice, the PCRA court dismissed the petition on September 10, 2018. PCRA Court Order, 9/10/18.

In December 2018, Appellant filed a petition for leave to file a *nunc pro tunc* appeal of the PCRA court's September 10, 2018 order. Petition, 12/17/18. The docket next shows that Appellant filed an amended petition on June 10, 2019, followed by the entry of an order on August 12, 2019, granting Appellant leave to file a *nunc pro tunc* appeal. However, there is no order dated August 12, 2019 in the certified record, and Appellant did not file a *nunc pro tunc* appeal.

On April 27, 2020, Appellant filed the PCRA petition at issue in this appeal. Appellant claimed the PCRA court failed to notify him of its August 12, 2019 order granting him *nunc pro tunc* permission to appeal. PCRA Petition, 4/27/20, ¶ 3. Although there is no Pa.R.Crim.P. 907 notice in the record, the docket shows that the court denied Appellant's petition on May 10, 2021. The May 10, 2021 order is not in the certified record, and service of the order is not reflected on the docket. Nonetheless, Appellant timely filed notices of appeal at each docket on June 6, 2021, and Appellant and the PCRA court complied with Pa.R.A.P. 1925. This Court consolidated the appeals *sua sponte*. Order, 7/29/21.

Appellant first challenges the PCRA court's failure to comply with Pa.R.Crim.P. 907. Rule 907 provides in relevant part:

> If the judge is satisfied from this review that there are no genuine issues concerning any material fact and that the defendant is not

entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings, the judge shall give notice to the parties of the intention to dismiss the petition and shall state in the notice the reasons for the dismissal. The defendant may respond to the proposed dismissal within 20 days of the date of the notice. The judge thereafter shall order the petition dismissed, grant leave to file an amended petition, or direct that the proceedings continue.

Pa.R.Crim.P. 907(1). A PCRA court's compliance with Rule 907 is mandatory.

*See Commonwealth v. Feighery*, 661 A.2d 437, 439 (Pa. Super. 1995) (remanding for "fulfillment of the notice requirements" of the predecessor rule to Rule 907, and stating, "It is, of course, clear that the notice requirement of the intention to dismiss, is mandatory").

Consistent with the foregoing, the PCRA court has requested remand. The PCRA court states:

Upon full review of the record, it is clear that this [c]ourt did not comply with the dictates of Rule 907. **Due to administrative error, no notice of this [c]ourt's intent to deny [Appellant's] petition without a hearing was issued, and no order denying the petition was ever generated.** As such, this [c]ourt awaits remand from the Superior Court to vacate its May 10th denial and cure all administrative errors.

PCRA Court Opinion, 7/29/21, at 2 (emphasis added). The Commonwealth agrees with the PCRA court. *See* Commonwealth Brief at 6 (advocating for remand because the PCRA court "failed to comply with Rule 907 which mandates providing notice of intent to dismiss without a hearing and the subsequent issuance of a final order.").

We agree with remand. As the PCRA court failed to issue Rule 907 notice and failed to "generate" an order, we reverse the May 10, 2021 denial of relief and remand for further proceedings.[3]

Order reversed. Case remanded for further proceedings consistent with this memorandum. Superior Court jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/8/2022

---

[3] Although the Rule 907 notice requirement is mandatory, **see Feighery**, 661 A.2d at 439, where a PCRA petition is untimely, the court's failure to issue notice does not automatically warrant reversal. **Commonwealth v. Taylor**, 65 A.3d 462, 468 (Pa. Super. 2013). However, in this case, where the PCRA court also failed to "generate" a final order, reversal and remand are appropriate.