2019 PA Super 220

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| STEVE T. WOODEN, | : | |
| Appellant | : | No. 1532 EDA 2018 |

Appeal from the PCRA Order February 26, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0009452-2007

BEFORE:  SHOGAN, J., NICHOLS, J., and MURRAY, J.

OPINION BY MURRAY, J.:                                    **FILED JULY 19, 2019**

Steve T. Wooden (Appellant) appeals *pro se* from the order dismissing

his first petition filed pursuant to the Post Conviction Relief Act[1] (PCRA).

Consistent with the requests of both the PCRA court and the Commonwealth,

we vacate the order because the PCRA court did not provide Appellant with

notice pursuant to Pennsylvania Rule of Criminal Procedure 907.  Accordingly,

we remand for further proceedings.

On April 14, 2008, Appellant pled guilty to attempted rape and robbery.[2]

On October 2, 2008, the trial court determined that Appellant was a sexually

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

[2] 18 Pa.C.S.A. §§ 901(a), 3121(a)(1), 3701(a)(1).  The underlying facts and
prior procedural history of this case are set forth in this Court's direct appeal
memorandum.  **Commonwealth v. Wooden**, 428 EDA 2011 (unpub. memo.
at 1-3) (Pa. Super. Nov. 4, 2011).

violent predator and sentenced him to two terms of 10 to 20 years of imprisonment, to run consecutively, for an aggregate term of 20 to 40 years of imprisonment. The court imposed both sentences "under second strike provisions."[3] Order, 10/2/08. Appellant took a direct appeal, and this Court affirmed his judgment of sentence. **Commonwealth v. Wooden**, 428 EDA 2011 (Pa. Super. Nov. 4, 2011) (unpublished). Appellant did not seek allowance of appeal with the Pennsylvania Supreme Court.

On November 1, 2012, Appellant timely filed the underlying PCRA petition pro se, claiming ineffective assistance of counsel and challenging his "second strike" sentence on the basis that he had not been previously convicted of a "crime of violence" as prescribed by 42 Pa.C.S.A. § 9714(a)(1). The trial court docket indicates that during the pendency of the petition, Appellant has been represented by three different attorneys.[4] Beginning in

---

[3] **See** 42 Pa.C.S.A. § 9714(a)(1) ("Any person who is convicted in any court of this Commonwealth of a crime of violence shall, if at the time of the commission of the current offense the person had previously been convicted of a crime of violence, be sentenced to a minimum sentence of at least ten years . . . .").

[4] We note several irregularities in this case, as well omissions in the trial court docket and certified record transmitted on appeal. For example, it appears that first PCRA counsel did not enter his or her appearance until March 7, 2014. **See** Trial Docket Entry, 3/7/14, "Entry of Appearance." Neither the docket nor record ever identifies this attorney, there is no explanation as to why counsel did not enter an appearance until 16 months after the filing of Appellant's pro se PCRA petition, and the docket and record reflect no action by counsel in the 18 months of his or her appointment. The docket simply includes a September 10, 2015 entry stating, "Attorney Relieved."

February of 2017, the docket entries reference Appellant's third lawyer, Attorney Sandjai Weaver.

On September 12, 2017, nearly **five** years after Appellant filed his *pro se* petition, Attorney Weaver filed an amended petition on Appellant's behalf, reiterating Appellant's *pro se* claims of ineffective assistance of counsel and an illegal "second-strike" sentence. This was the last filing by Attorney Weaver, and approximately eight months later, on May 14, 2018, Appellant appears on the record *pro se*, having filed an inmate document request, and at the same time, a *pro se* notice of appeal to the PCRA court's February 26, 2018 order dismissing the petition. The trial docket and record do not indicate that Attorney Weaver was granted leave to withdraw from representation. However, we take judicial notice that as of this writing, the Disciplinary Board of the Supreme Court of Pennsylvania has placed Attorney Weaver on administrative suspension. DISCIPLINARY BOARD OF SUPREME COURT OF PENNSYLVANIA, https://www.padisciplinaryboard.org/for-the-public/find-attorney/attorney-detail/55184 (last visited June 26, 2019).

On February 22, 2018, the Commonwealth filed a motion to dismiss

---

Additionally, although Appellant provided his address as SCI Graterford, the court's September 18, 2015 appointment letter for second PCRA counsel lists Appellant's mailing address — inexplicably — as an apartment in Philadelphia. Finally, although the PCRA court explains that this case was reassigned from Judge Trent to Judge Brinkley on February 22, 2018, there is no such indication in the docket or record. **See** PCRA Court Opinion, 12/19/18, at 3.

Appellant's PCRA petition.[5]  Also on that date, according to the PCRA court, the case was reassigned from Judge Trent to Judge Brinkley.  PCRA Court Opinion, 12/19/18, at 1.  Nevertheless, four days later, on February 26, 2018, Judge Trent entered the underlying order dismissing the PCRA petition without a hearing.  More than 30 days later, on May 14, 2018, Appellant filed the aforementioned *pro se* notice of appeal and inmate document request.  On May 17th, Appellant filed a *pro se* "attachment," averring that no Pa.R.Crim.P. 907 notice was provided to him or Attorney Weaver prior to the dismissal of his petition.  On June 4, 2018, Appellant filed a motion for appointment of counsel.[6]  On December 19, 2018, the PCRA court filed its opinion.  The docket does not indicate any further response by the PCRA court regarding Appellant's representation — or lack of representation.  Appellant has filed a *pro se* brief with this Court.

Appellant raises seven issues on appeal.  **See** Appellant's Brief at 2-3.

---

[5] Three months earlier, on November 13, 2017, the Commonwealth filed a motion acknowledging it had a November 22nd deadline to file a response to Appellant's PCRA petition, but requested additional time.  No response by the PCRA court is recorded on the docket or in the record.

[6] Both the *pro se* notice of appeal and request for counsel were hand-dated May 11, 2018, but stamped as "received" on, respectively, May 14th and June 4th.  Pursuant to the prisoner mailbox rule, we deem these documents to have been filed on May 11, 2018.  **See Commonwealth v. Jerman**, 762 A.2d 366, 368 (Pa. Super. 2000) ("Under the prisoner mailbox rule, a petition filed by a prisoner is deemed 'filed' on the date it is deposited with prison authorities for mailing.").

- 4 -

In his first issue, Appellant asserts that the PCRA court "erred and abused its discretion by dismissing Appellant's petition without notice contrary to statute (42 Pa.R.Crim.P § 907) . . . ." *Id.* at 2. This issue has merit. However, we first address jurisdiction.

We recognize that the timeliness of Appellant's notice of appeal implicates this Court's jurisdiction. *See Commonwealth v. Crawford*, 17 A.3d 1279, 1281 (Pa. Super. 2011). Here, Appellant's PCRA petition was dismissed on February 26, 2018. Appellant then had 30 days, or until March 28, 2018, to file a notice of appeal. *See* Pa.R.A.P. 903(a) (notice of appeal shall be filed within 30 days after entry of the order from which appeal is taken). The *pro se* notice of appeal was not filed until May 11, 2018.

On July 2, 2018, this Court issued a *per curiam* rule to show cause to Appellant as to why the appeal should not be quashed as untimely. Appellant filed a *pro se* response, averring that neither the PCRA court nor his attorney notified him of the February 26, 2018 dismissal, and he "didn't know that his PCRA was denied on 2/26/18, until May 2018 when he received his dkt. entry report, and when he found out he immediately filed a notice of appeal nunc pro tunc . . . ." Appellant's Response, 7/12/18, at 1. Appellant also averred that he should not be penalized because his attorney abandoned him. *Id.* at 2. This Court deferred ruling to the merits panel. Order, 7/17/18.

Preliminarily, we note that although Attorney Weaver has remained as counsel of record, it was proper for both the trial court clerk and this Court's

- 5 -

Prothonotary to docket Appellant's *pro se* notice of appeal. *See* Pa.R.Crim.P. 576(A)(4) (if a represented criminal defendant submits for filing a written notice that has not been signed his attorney, the clerk of courts shall accept it for filing, and a copy of the time-stamped document shall be forwarded to the defendant's attorney and the Commonwealth within 10 days); Superior Ct. O.P. § 65.24 (*pro se* notice of appeal received from trial court shall be docketed, even where appellant is represented by counsel); *Commonwealth v. Williams*, 151 A.3d 621, 623 (Pa. Super. 2016) (although hybrid representation is not permitted, a notice of appeal protects a constitutional right and is distinguishable from other filings that require counsel to provide legal knowledge and strategy, and thus this Court is required to docket a *pro se* notice of appeal despite appellant being represented by counsel).

Moreover, upon careful review, the record appears to support Appellant's claim regarding the abandonment of counsel, whose last documented action of record was the filing of Appellant's amended PCRA petition on September 12, 2017. Our Supreme Court, with respect to the role of appointed counsel in PCRA proceedings, has stated:

> As part of the PCRA process, indigent petitioners may apply for the assistance of counsel for purposes of their first PCRA petition. **We have held this rule to be absolute** inasmuch as we have concluded that a petitioner need not establish that his petition is timely before he or she is entitled to the appointment of counsel. *See, e.g., Commonwealth v. Smith,* 818 A.2d 494 ([Pa.] 2003). **To this end, it can be assumed that the PCRA court will appoint appropriate counsel**, i.e., counsel that can and will raise potentially meritorious claims. In this same vein, while the performance of PCRA counsel is not necessarily

scrutinized under the Sixth Amendment, **the performance of counsel must comply with some minimum norms, which would include not abandoning a client for purposes of appeal**. *See e.g., Commonwealth v. Albrecht*, 720 A.2d 693 ([Pa.] 1998); *see also* Pa.R.Crim.P. 904(F)(2) (providing for the appointment of counsel *throughout* post-conviction proceedings including any appeal).

*Commonwealth v. Bennett*, 930 A.2d 1264, 1274 (Pa. 2007) (bolded emphases added, italics in original).

Consistent with the above language, the facts before us which indicate that Appellant has been abandoned by counsel, and our discussion, *infra*, regarding Rule 907 notice, we cannot conclude that Appellant's untimely filing of his *pro se* appeal precludes relief.

As the PCRA court and Commonwealth recognize, the lack of Rule 907 notice in this case is problematic. Pennsylvania Rule of Criminal Procedure 907 provides:

> [T]he judge shall promptly review the [PCRA] petition, any answer by the attorney for the Commonwealth, and other matters of record relating to the defendant's claim(s). If the judge is satisfied from this review that there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings, the judge shall give notice to the parties of the intention to dismiss the petition and shall state in the notice the reasons for the dismissal. The defendant may respond to the proposed dismissal within 20 days of the date of the notice. The judge thereafter shall order the petition dismissed, grant leave to file an amended petition, or direct that the proceedings continue.

Pa.R.Crim.P. 907(1). A PCRA court's compliance with Rule 907 is mandatory.

*See Commonwealth v. Feighery*, 661 A.2d 437, 439 (Pa. Super. 1995) (remanding for "fulfillment of the notice requirements" of the predecessor rule

- 7 -

to Rule 907, and stating "It is, of course, clear that the notice requirement of the intention to dismiss, is mandatory ('the judge *shall* (give notice and) *shall* state (the reasons)).'").

Since **Feighery**, we have held that an appellant's failure to challenge the absence of a Rule 907 notice constitutes waiver. **See Commonwealth v. Taylor**, 65 A.3d 462, 468 (Pa. Super. 2013) (citations omitted). We have also determined that even if the issue is raised, where the petition is **untimely**, reversal is not automatically warranted. **Id.** In this case, however, Appellant has challenged the court's failure to file Rule 907 notice, and his *pro se* PCRA petition, filed in 2012, was timely.

The PCRA court and Commonwealth acknowledge that Appellant was not provided with Rule 907 notice and agree that remand is warranted.[7] **See** PCRA Court Opinion, 12/19/18, at 4-5; Commonwealth Brief at 7. We agree. Accordingly, we vacate the February 26, 2018 order dismissing Appellant's PCRA petition and remand this case to the PCRA court.

Finally, with regard to Appellant's *pro se* status, and as alluded to in our discussion of **Bennett**, **supra**, Pennsylvania Rule of Criminal Procedure 904(C) provides that "when an unrepresented defendant satisfies the judge that [he] is unable to afford or otherwise procure counsel, the judge shall

_____

[7] On June 8, 2018, Judge Brinkley wrote a letter to this Court requesting remand; by response dated November 1, 2018, we declined to remand, advised Judge Brinkley to raise the issue in her opinion, and deferred the matter to this merits panel. **See** PCRA Court Opinion, 12/19/18, at 1, 4-5.

appoint counsel to represent the defendant on the defendant's first petition for post-conviction collateral relief." Pa.R.Crim.P. 904(C). This "rule-based right to counsel and to effective assistance of counsel extends throughout the post-conviction proceedings, including any appeal from the disposition of the PCRA petition." ***Commonwealth v. Smith***, 121 A.3d 1049, 1053 (Pa. Super. 2015) (citation omitted).

As discussed, the details regarding Attorney Weaver's representation of Appellant are not entirely evident from the record. However, the record clearly indicates that on June 4, 2018, Appellant filed a motion for appointment of counsel with the PCRA court, to which he received no response. Then, in response to this Court's July 2, 2018 rule to show cause, Appellant stated that counsel had abandoned him. Thus, on remand, we direct the PCRA court to determine whether Appellant wishes to proceed *pro se* or with counsel. If Appellant is entitled to counsel under Pa.R.Crim.P. 904(C) and desires representation, the court shall appoint new counsel to enter an appearance on Appellant's behalf and the case shall proceed before the PCRA court.

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/19/19