J-S26039-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES EARL JOHNSON | : | |
| | : | |
| Appellant | : | No. 1845 WDA 2019 |

Appeal from the Order Entered December 2, 2019
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0003200-2010

BEFORE:  MURRAY, J., McLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                **FILED JULY 06, 2020**

James Earl Johnson (Johnson) appeals the order of the Court of Common Pleas of Erie County (trial court) denying his claim that he received an illegal sentence.  Because the trial court failed to treat Johnson as a petitioner for post-conviction relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, the order denying Johnson's claims must be vacated and the case remanded for further proceedings.

_____

[*] Retired Senior Judge assigned to the Superior Court.

**I.**

On June 9, 2011, following a bench trial, Johnson was convicted of rape by forcible compulsion, burglary and terroristic threats.[1]  He then entered pleas in a separate case to possession of drugs and possession of drug paraphernalia.[2]

At a global sentencing on October 17, 2011, the trial court initially imposed the following terms, all of which were to run consecutively:  rape by forcible compulsion (life without the possibility of parole); burglary (life without the possibility of parole); terroristic threats (30 to 60 months); possession of drugs (30 days); and possession of drug paraphernalia (six to 12 months).  Johnson was also designated a Sexually Violent Predator.

He appealed and this Court affirmed the judgment of sentence on October 30, 2012.  ***See Commonwealth v. Johnson***, No. 1852 WDA 2011 (Pa. Super. August 10, 2012) (unpublished memorandum).  Johnson sought and was denied post-conviction relief on October 2, 2013, and we affirmed that denial in ***Commonwealth v. Johnson***, Nos. 1751 WDA 2013, 2004 WDA 2013 (Pa. Super. August 22, 2014) (unpublished memorandum).

_____

[1] 18 Pa.C.S. §§ 3121(a)(1), 3502(a), and 2706(a)(1), respectively.

[2] 35 Pa.C.S. §§ 780-113(a)(31), and (a)(32), respectively.

Following a federal decision that overturned Johnson's sentence,[3] the trial court resentenced Johnson on December 3, 2018, reducing the life sentences for the rape and burglary convictions to an aggregate term of 22.5 to 45 years, with credit for all time served. Johnson appealed the discretionary aspects of the sentence, and this Court affirmed the judgment of sentence on June 24, 2019. *See Commonwealth v. Johnson*, No. 1805 WDA 2018 (Pa. Super. June 24, 2019) (unpublished memorandum). Johnson did not seek further review and his court-appointed attorney was permitted to withdraw.

On November 22, 2019, Johnson filed his present claims, *pro se*, which he styled as a "motion to correct an illegal sentence." He primarily argued that a magisterial district judge, who was not assigned to any of Johnson's cases, knew the victim personally and had at one point employed the victim's mother. Johnson alleged that the magisterial district judge coordinated the investigation against him and then advocated for his guilt to the trial court and other government officers, influencing the result of the bench trial ending on June 9, 2011.

As legal grounds to support his claim, Johnson cited the Fourteenth Amendment of the United States Constitution, and the Pennsylvania codes of

---

[3] *See Johnson v. Superintendent Mahanoy SCI*, 2018 WL 7246835, at *1 (3d Cir. Aug. 30, 2018) (unpublished opinion) (granting petition for writ of habeas corpus because original sentences were improperly enhanced to a mandatory term of life).

judicial conduct that forbid partiality, the appearance of partiality, and the abuse of prestige on the part of judicial officers. Johnson attached a separate motion and affidavit in support of his request to proceed *in forma pauperis* so that he could be appointed counsel.

The trial court denied Johnson's claim of sentencing error on December 3, 2019. The order itself consisted of the first page of Johnson's motion, with handwritten notations by the trial court in the margins. *See* Trial Court Order, 12/3/2019, at 1. Specifically, the trial court wrote the date of the denial, the word "Denied," a signature, and Johnson's mailing address. *Id*. Similarly, the trial court handwrote the separate order denying Johnson's motion to proceed *in forma pauperis*, writing on Johnson's motion that it was "Denied, as there is nothing pending before the [trial court]." It appears that the trial court gave Johnson no advance notice of its intent to deny those motions.

Johnson timely appealed and the trial court directed him to submit a 1925(b) Concise Statement of Issues Complained of on Appeal. In compliance with the trial court's directive, Johnson submitted a 1925(b) Statement consisting of five grounds:

> 1. Was proper judicial procedure used to deny [Johnson's] motion to correct illegal sentence and petition for leave to proceed in forma pauperis?
>
> > a. An Order of the Court/Court Order is used to give notice to a party of the Court's decision in a matter and the reason for its decision.
>
> 2. Did Trial Court arbitrarily deny [Johnson's] Motion to correct illegal sentence without an evidentiary hearing?

a. A simple denial with no appraisal of the Court's posture of [Johnson's] claims as cognizable or otherwise[.]

3. Was equal protection afforded [Johnson] during the criminal process of the case?

a. The Fourteenth Amendment provision requiring states … to give similarly situated persons or classes similar treatment under the law.

4. Was [Johnson] afforded Due Process under the Fourteenth Amendment of the United States Constitution and Article 1, Section 9 of the Pennsylvania Constitution?

a. Where the constitution gives explicit directions as to how a thing is to be done, those directions must be followed to the exclusion of all other means that may be deemed better or more convenient.

5. Is [Johnson's] sentence illegal?

a. Any act that violates the criminal process violates a person's constitutional rights to due process.

1925(b) Statement, 12/27/2019, at 1.

The trial court filed a 1925(a) opinion explaining that Johnson's claims were properly denied because he did not identify a precise error or illegality in the sentencing process. **See** 1925(a) Opinion, 1/9/2020, at 1. Further, the trial court stated that Johnson had waived the claims in his 1925(b) Statement because it was so vague as to be equivalent to no 1925(b) statement at all. **See id**.[4]

---

[4] Johnson's appellate brief is equally lacking in specificity as to the arguments and authorities he relies upon. The Commonwealth did not file an appellate brief, instead resting on the trial court's 1925(a) opinion.

**II.**

Although the trial court is correct that Johnson's claims are somewhat vague and inartfully crafted, we find that Johnson is nevertheless entitled to appellate relief. Johnson titled his filing as a "motion to correct illegal sentence," but it should have been treated as a timely PCRA petition.[5] As such, the trial court's failure to appoint PCRA counsel requires us to vacate the order on review and remand so that Johnson may benefit from that rule-based right.

Johnson's first sentencing was held in 2011, but significantly, he was resentenced on December 3, 2018. The direct appeal from the judgment of sentence entered at the resentencing concluded on June 24, 2019, and because Johnson did not seek further review, his judgment of sentence became final 30 days later, on July 24, 2019. Johnson filed his present claims within a year of that date, on November 22, 2019.

Regardless of what Johnson called the filing, it was a first and timely-filed PCRA petition.[6] *See Commonwealth v. Kutnyak*, 781 A.2d 1259, 1261

---

[5] "In reviewing the propriety of the trial court's dismissal of the petition, we are limited to determining whether the court's findings are supported by the record and whether the order is free of legal error." *Commonwealth v. Kutnyak*, 781 A.2d 1259, 1261 (Pa. Super. 2001).

[6] A PCRA petition is timely if it is "filed within one year of the date the judgment [of sentence] becomes final." 42 Pa.C.S. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of

(Pa. Super. 2001) (treating the appellant's motion as a PCRA petition "regardless of the manner in which the petition is titled"); **see also Commonwealth v. Fantauzzi**, No. 19 EDA 2018 at *5 (Pa. Super. May 22, 2019) (unpublished memorandum) ("Appellant is before us on appeal from the denial of his first and timely-filed PCRA petition following resentencing.").

The PCRA "provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief." 42 Pa.C.S. § 9542. When an action is cognizable under the PCRA, it is the "sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose[.]" **Id**.; **see also Commonwealth v. Hockenberry**, 689 A.2d 283, 288 (Pa. Super. 1997) (explaining that since a motion to modify a sentence must be filed within ten days of its imposition, and a direct appeal from a judgment of sentence must be filed within thirty days, the PCRA is the only vehicle for addressing legality of a sentence beyond those time limits). "We have repeatedly held that . . . any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition." **See Commonwealth v. Jackson**, 30 A.3d 516, 521 (Pa. Super. 2011) (quoting **Commonwealth v. Johnson**, 803 A.2d 1291, 1293 (Pa. Super. 2002)).

---

Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

In several previous proceedings, Johnson qualified for court-appointed counsel. Likewise, here, he sought counsel to represent him upon filing his PCRA petition. "[W]hen an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, the judge shall appoint counsel to represent the defendant on the defendant's first petition for post-conviction collateral relief." **See** Pa.R.Crim.P. 904(C). The trial court improperly deprived him of that important rule-based right.[7]

It is immaterial whether Johnson's claims were found to be waived or meritless – he was still entitled to counsel. **See e.g., Commonwealth v. Guthrie**, 749 A.2d 502, 504 (Pa. Super. 2000) ("[W]here an indigent PCRA petitioner requests the appointment of counsel for assistance in the preparation of a first petition pursuant to the PCRA, counsel must be appointed despite the apparent untimeliness of the petition."); **see also Commonwealth v. Smith**, 818 A.2d 494, 500 (Pa. Super. 2003) (same).

Were a court permitted to deny counsel to a first-time PCRA petitioner and then dismiss a PCRA petition for lack of merit or waiver, it would

---

[7] The Comment to Pa.R.Crim.P. 904 provides that "[c]onsistent with Pennsylvania post-conviction practice, it is intended that counsel be appointed in **every case** in which a defendant has filed a petition for post-conviction collateral relief **for the first time** and is unable to afford counsel or otherwise procure counsel." (Emphasis added). "While the right to legal representation in the PCRA context is not constitutionally derived, the importance of that right cannot be diminished merely due to its rule-based derivation." **Commonwealth v. Robinson**, 970 A.2d 455, 458 (Pa. Super. 2009).

undermine "the intent of the Legislature in providing counsel to indigent petitioners in collateral proceedings." ***Kutnyak***, 781 A.2d at 1262. Accordingly, "[t]he denial of PCRA relief cannot stand unless the petitioner was afforded the assistance of counsel." ***Commonwealth v. Albrecht***, 720 A.2d 693, 699 (Pa. 1998). To the extent Johnson did not adequately preserve any issues for appeal as the trial court found, Johnson was nevertheless deprived of representation on a first-time PCRA petition, and "this Court is required to raise this error *sua sponte* and remand for the PCRA court to correct that mistake." ***Commonwealth v. Stossel***, 17 A.3d 1286, 1290 (Pa. Super. 2011).[8]

For the reasons stated above, we vacate the order on review and direct the trial court to appoint Johnson PCRA counsel. In so doing, we make no comment on the substantive merit of Johnson's claims, such as they are.

Order vacated. Case remanded for further proceedings consistent with this memorandum. Jurisdiction relinquished.

---

[8] An alternative ground for vacating the trial court's order is the lack of notice of the ruling. ***See*** Pa.R.Crim.P. 907(1). Rule 907 provides that where a petition is summarily dismissed, the petitioner must first be given the reasons for the dismissal and an opportunity to respond within 20 days of that notice. ***See generally Commonwealth v. Feighery***, 661 A.2d 437 (Pa. Super. 1995). A court's failure to abide by this requirement is reversible error. ***See id***.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  7/6/2020