J-S24025-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NATHANIEL BRICE MCCAIN | : | |
| | : | |
| Appellant | : | No. 188 MDA 2023 |

Appeal from the PCRA Order Entered December 22, 2022
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0004937-2019

BEFORE:   BENDER, P.J.E., LAZARUS, J., and STEVENS, P.J.E.[*]

JUDGMENT ORDER BY LAZARUS, J.:                **FILED AUGUST 11, 2023**

Nathaniel Brice McCain appeals, *pro se*, from the order, entered in the Court of Common Pleas of Lancaster County, dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. Upon review, we affirm.

On September 22, 2021, McCain entered into an open guilty plea to possession with intent to deliver (PWID) - fentanyl,[1] PWID – crack cocaine,[2] and possession of drug paraphernalia.[3]  The trial court deferred sentencing and ordered the preparation of a pre-sentence investigation report (PSI).  On

---

[*] Former Justice specially assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(30).

[2] *Id.*

[3] *Id.* at § (a)(32).

January 24, 2022, the trial court sentenced McCain to an aggregate term of 6 to 12 years in prison. McCain filed a post-sentence motion, which the trial court denied on February 11, 2022. McCain did not file an appeal.

On August 10, 2022, McCain filed the instant *pro se* PCRA alleging ineffective assistance of plea counsel. The PCRA court appointed counsel and, on December 16, 2022, counsel filed a **Turner**/**Finley**[4] no-merit letter, accompanied by a motion to withdraw. On December 22, 2022, the PCRA court granted counsel's motion to withdraw, and dismissed McCain's PCRA petition without first issuing the required Pa.R.Crim.P. 907 notice of intent to dismiss.[5]

McCain filed a timely notice of appeal[6] and the PCRA court ordered that McCain file a Rule 1925(b) concise statement of errors complained of on

---

[4] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (en banc).

[5] Normally, the trial court's failure to comply with the mandatory notice requirements of Rule 907 would demand that we reverse and remand. **See** Pa.R.Crim.P. 907(1); **see also Commonwealth v. Feighery**, 661 A.2d 437, 439 (Pa. Super. 1995). However, as discussed *infra*, McCain failed to file a court-ordered Pa.R.A.P. 1925(b) concise statement, which results in waiver of all claims on appeal. **See** Pa.R.A.P. 1925(b)(4)(vii). Consequently, we are constrained to conclude that McCain has waived any challenge to the trial court's error. **See Commonwealth v. Taylor**, 65 A.3d 462, 468 (Pa. Super. 2013) ("The failure to challenge the absence of a Rule 907 notice constitutes waiver.") (citation omitted).

[6] The trial court's December 22, 2022 order dismissing McCain's PCRA petition was never served on McCain. Rather it was served on prior PCRA counsel and the Commonwealth on December 27, 2022. McCain filed a *pro se* notice of appeal on January 30, 2023. **See** Pa.R.A.P. 903(a) (notice of appeal shall be
*(Footnote Continued Next Page)*

- 2 -

appeal. However, McCain did not file a Rule 1925(b) statement. Subsequently, the trial court filed its Rule 1925(a) opinion.

McCain's failure to file a court-ordered Rule 1925(b) statement mandates that all his claims are waived. *See* Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the [Rule 1925(b) s]tatement and/or not raised in accordance with the provisions of [Rule 1925(b)] are waived."); *see also Commonwealth v. Ray*, 134 A.3d 1109, 1114 (Pa. Super. 2016) (Rule 1925(b) requirements apply to *pro se* appellants with equal force). Accordingly, we affirm.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/11/2023

---

filed within 30 days after entry of order from which appeal is taken). We observe that this Court recently addressed this exact scenario in *Commonwealth v. Midgley*, 289 A.3d 1111, 1117 (Pa. Super. 2023), where our Court held that we may overlook a facially untimely notice of appeal where the PCRA dismissal order was erroneously sent to prior PCRA counsel, and there was no service upon a *pro se* petitioner. *See id.* Indeed, in *Midgley*, this Court stated that where a *pro se* petitioner was not served with the dismissal order, Rule 903's 30-day limit does not begin to run. *See id.*; *see also* Pa.R.Crim.P. 907(4) ("[t]he order **shall** be filed and served as provided in [Pa.R.Crim.P. 114]") (emphasis added); Pa.R.Crim.P. 114(B)(1) (requiring service on *pro se* parties). Consequently, we consider McCain's notice of appeal to be timely filed. *See Midgley*, *supra*.